R. G. BURSON, in error, v. E. S. COX et al.

1. DAMAGES. *General. Defined.* Damages necessarily resulting from the injuries complained of, are termed general damages.

2. SAME. *Special. Proof of not admissible, without averment.* Special damages are such as are the natural consequences of the act complained of, though not the necessary results, and must be averred before they can be proven.

3. SAME. *Same. For injuries to person. May be recovered in tresspass on realty. When.* Where the foundation of the action is a tresspass on realty, the plaintiff may aver and prove as a ground for special damages, resulting from the trespass, that at the same time the defendant beat and assaulted him, although a separate action might lie for the injuries to his person, and although the statute of limitation barring the action of assault and battery may in this way be evaded. Therefore, where a declaration alleges a trespass in entering plaintiff's dwelling in a violent and lawless manner, breaking the locks and hinges from his doors, etc., at the same time violently assaulting and beating plaintiff. This latter averment may be proven in aggravation of damages, and if the proof sustains it, the plaintiff is entitled to recover for all the injuries inflicted on him by the defendant while on his premises.

FROM WASHINGTON.

Appeal from a judgment of the Circuit Court at Jonesboro, rendered at its —— term, 1873. Hon. E. E. GILLENWATERS presiding.

E. N. GRIFFITH, J. G. DEADERICK for plaintiff.

No brief on file for defendant.

McFARLAND, J., delivered the opinion of the court.

This action was brought by Burson. In one count

of his declaration he charges a trespass in breaking and entering his dwelling house, in a violent and lawless manner, and breaking the locks and hinges of his doors. In other counts the same are in substance made, with the addition that at the same time the defendants violently assaulted and beat the plaintiff.

In addition to the plea of not guilty, the defendants pleaded the statute of limitations of one year as to the personal injuries, to which the plaintiff replied that the action was not brought for personal injuries, but for breaking and entering the plaintiff's close, and the other facts alleged constituted a part of this trespass, for which the plaintiff claimed damages.

Upon this replication there was issue without determining whether or not this was the proper manner to raise the question. We will dispose of the question as if properly presented.

The record shows that a number of armed men in the night time broke and entered the plaintiff's dwelling house in a most boisterous and threatening manner, entered his bedroom, and, in the presence of his wife and family, and to their great terror, rudely assaulted the plaintiff, and by force dragged him a short distance from his house, and then and there, still in the hearing of his family, with sticks, switches and clubs, beat and abused him in a most cruel and inhuman manner.

The jury have found the defendants the guilty parties. It was clear, however, that an action for the assault and battery was barred by the statute of one year, and under the charge of the court the jury as-

sessed the plaintiff's damages at five dollars, the injury shown to have been inflicted by breaking locks, etc., and the plaintiff has appealed.

The Circuit Judge instructed the jury that they "could predicate no damages upon injuries to the person as a separate and distinct ground of recovery, unless such injuries were inflicted within twelve months from the bringing of the suit. But this does not apply to such injuries as showing the manner of the trespass charged, the unlawful entering of the plaintiff's close, and that damages should be assessed not only for the tresspass in the entering and the actual injury done and loss sustained, but also in view of the manner of the trespass, which is shown by all that was done either to the person (though more than twelve months from the date of the suit brought) or property, while the wrongdoers were upon the premises of the plaintiff. If their conduct was such as to show wantonness and cruelty the jury may assess damages not only for actual loss sustained, but also such damages as will punish the wrongdoers and deter others from committing like offenses."

Damages must result from the injuries complained of. These which necessarily result are termed general damages. Special damages must be averred before they can be proven. They are such as are the natural consequences of the act complained of, though not the necessary results. 2 Greenl., sec. 254.

Here the act complained of, as the foundation of the action, is the tresspass to the realty.

Can the plaintiff aver and prove as a ground for

special damages resulting from this, that at the same time the defendant assaulted and beat the plaintiff.

In Sedgwick on the Measure of Damages, treating of the action of trespass to realty, it is said: "And if the defendant, while a trespasser on the plaintiff's land, commits any other distinct trespass for which a separate action would lie, yet such acts of trespass and their consequences may be alleged and proven in aggravation of damages. They in an action for breaking and entering the plaintiff's house, the debauching of his daughter and servant, and the consequential damages to the plaintiff, may be laid in aggravation. See pp. 144–5. For this the author cites Starkie on Evidence; *Bennett* v. *Alcott,* 2 T. R., 166; *Wright* v. *Chandler,* 2 Bibb Ky. Reports.

It is true that by this construction the bar of the statute of one year as to the action of assault and battery is practically avoided in these cases where the injury is inflicted at the same time, and as part of the trespass of breaking and entering the plaintiff's close. But where the injury complained of is, in reality, all one transaction, there can be no good reason for bringing two actions instead of one—especially under our Code—allowing an action upon the facts of the case; and where the transaction is of such a character that the plaintiff may have his election to bring it in one of two different forms, and he elects to bring it in the form allowing the longest time within which to sue, it may thereby result that he recovers damages for acts, which, had the other form been adopted, would have been barred.

In this view of the case the verdict was but a mockery of justice. We hold that allegation of the declaration and proof sustaining it, the plaintiff was entitled to recover for all the injuries committed by the defendants, while on the plaintff's land, at the time ·of occurrence proven, although some of these acts might have been treated as a separate trespass and a separate action maintained thereon.

The judgment is for this cause reversed and a new trial awarded.