BOYD *v*. FULTON.

4-8359                                        206 S. W. 2d 753

Opinion delivered December 15, 1947.

Rehearing denied January 12, 1948.

*John Owens* and *O. A. Featherston,* for appellant.

*Boyd Tackett,* for appellee.

ROBINS, J.   In her suit in circuit court against appellant for damages growing out of trespass by appellant on her dwelling house, appellee was by a jury awarded $500 for physical suffering and mental anguish and $250 for damage to her personal property.   From judgment on the verdict this appeal is prosecuted.

The property involved formerly belonged to appellee's husband, and after his death her daughter, Nancy Fulton Poole, acquired the interests of other heirs therein.   Appellee had lived at this location—in different dwelling houses—for forty-five years.

On November 10, 1944, appellee and her said daughter sold and conveyed this home to appellant, but in the deed of conveyance they reserved use and possession of the property for a period of two years, it being stipulated, however, that they might not sublet the property during that time and that, if appellee should "change place of residence and vacate" the property, appellant might thereupon take possession.

During the month of July, 1946, appellee went to the home of her daughter in Caddo Gap, a short distance from her home, taking with her a number of her personal belongings. Appellee testified that she did not intend to change her residence or to vacate her home, but that her stay in Caddo Gap was to be temporary and that she procured her son to stay in her home and look after her belongings until she should return.

Appellant, taking the position that appellee had vacated the property and that he was therefore entitled to immediate possession, notified appellee's son to surrender possession and upon his refusal to do so forcibly entered the property and, with a crew of workmen, began to make certain repairs. In doing this, he caused windows and doors to be removed and plastering to be removed from the walls. When appellee returned to her home at a late hour she was forced to spend the night in the home in its dusty and disordered condition. Appellee was a lady advanced in years and for some time had suffered from asthma. There was testimony indicating that her physical condition was made worse by staying in the home after it had been torn up by appellant.

In her complaint appellee alleged that she was entitled to $2,500 damages for physical and mental suffering, for $1,000 for damage done by appellant to her personal property and for punitive damages in the sum of $1,000 and for loss of the use of the home the sum of $150. All claims of appellee, except for physical and mental suffering and for damage to personal property, were disallowed by the jury.

For reversal it is first urged by appellant that the undisputed testimony showed that appellee had changed

her residence, vacated the property and sublet it to her son. There was substantial testimony to show that appellee's trip to her daughter's home was merely in the nature of a visit and not an abandonment of the property. This issue was submitted to the jury under proper instructions and the jury sustained appellee's contention. This finding is binding on us.

It is next urged that the verdict of the jury is inconsistent in that the jury failed to award damage to appellee for being deprived of the use of the property during the remainder of the period during which she was entitled to it. A sufficient answer to this contention is found in the fact that, as shown by the abstract, there was no testimony as to the rental value of the property; and the jury, for that reason, could not properly have assessed damages for loss of the use of the property.

Appellant complains of the refusal of the court to give his requested instruction No. 5 as follows: "On the question of damages, the jury is told that any and all acts of the plaintiff which might have contributed to her illness or discomfort which are not directly traceable to defendant's carelessness or negligence are not actionable as to this defendant. The plaintiff is presumed to be a person of ordinary prudence, and it was her duty to avoid exposure in a vacant house whoever the owner of it might be."

While some cautionary instruction as to the duty of appellee not to negligently incur injury might have been proper, the instruction in the form offered was not correct. The demand of appellee for damages was not based on any careless or negligent conduct of appellant. She alleged that his acts were wanton, willful and intentional, and in instructions given by the court on behalf of appellee appellant's liability, if any, was predicated on wanton, willful and intentional acts on the part of appellant. There is authority for holding that where a willful trespass causes physical injury, accompanied by mental anguish, such injury and mental anguish may constitute recoverable elements of damage. See annotations, 53 L. R. A. 632; annotations, 32 A. L. R. 922. Furthermore,

the extent of appellee's duty as to avoiding exposure was, under the circumstances shown, a question for the jury —not the court—to determine.

We find no error in the giving or refusal of instructions by the court. No ruling on testimony is complained of by appellant, and, since the jury settled fact questions against him, it follows that the judgment must be affirmed.