## John A. RAUCH v. FIRST NATIONAL BANK
### in Little Rock

5-4510                                    428 S. W. 2d 89

Opinion delivered May 21, 1968

*Smith, Williams, Friday & Bowen,* for appellee.

Conley Byrd, Justice. John A. Rauch appeals from a judgment in favor of appellee First National Bank in Little Rock upon a guaranty signed by Rauch to accommodate John L. Copeland, Jr. For reversal he contends that his signature on the guaranty was obtained by fraudulent misrepresentation on the part of Finley Vinson, officer of the First National Bank; that the note or other instrument executed by John L. Copeland, Jr., was void under Ark. Stat. Ann. § 34-1604 (Repl. 1962,) having been executed for payment of a gambling obligation; and that, since the bank waived its rights as to the guaranty of Barron Lange upon the same indebtedness, it thereby waived its rights as to appellant Rauch under Ark. Stat. Ann. § 85-3-606 (Add. 1961).

The record shows that John L. Copeland, Jr., when the guaranty agreement was executed, was manager of

the Riverdale Country Club and had gotten into financial troubles because of some gambling losses. He approached Mr. Finley Vinson of the First National Bank relative to an $11,000 loan, which the bank refused to make upon the security offered. Subsequently **Mr.** Copeland informed Mr. Vinson that Rauch, William E. Darby, William S. Miller, Jr., and Barron Lange would sign his note. Pursuant to a conversation between Vinson and each of the guarantors a separate guaranty instrument was drawn for each party. Rauch's guaranty agreement covered $4,250; Darby's $4,250; Miller's $1,500; and Lange's $1,000. Upon execution of the agreements a total of $11,000 was disbursed, and the record indicates that some of the money was used to pay off gambling debts that Copeland had incurred. Barron Lange died while Copeland's payments were current and the time for filing claims against his estate expired before Copeland defaulted.

Rauch bases his claim of fraudulent misrepresentation upon the allegation that Vinson assured him the bank had sufficient collateral to cover the $11,000 note. Needless to say, Rauch's testimony was controverted by Vinson's, and under the circumstances we must hold that there was substantial testimony to support the verdict of the trial court sitting as a jury.

We find no merit in Rauch's contention that Copeland's obligation was void under § 34-1604, *supra.* A close reading of that statute shows that it voids obligations only where the money is "lent to be bet at any gaming or gambling device." There is no testimony here showing that the money was lent for purposes of gambling.

The bank's release or failure to claim against Lange's estate had no effect upon Rauch's guaranty because he specifically agreed that he would be liable notwithstanding a release of any other guarantor. Section 85-3-606, *supra,* recognizes that the release of one guar-

antor does not release another when the release is made with the consent of the latter. We know of no reason why the consent given by Rauch at the execution of the agreement should not be binding.

Appellee filed in this court a claim for additional attorney's fee. We grant an attorney's fee which, when added to that allowed by the trial court, does not exceed 10 per cent of the principal plus accrued interest.

Affirmed.

WARD, J., not participating.