Tom ANDREWS *v.* James F. McDOUGAL, Vincent W.
SKILLMAN, Jr. and Chadd L. DURRETT, Jr., d/b/a
SKILLMAN and DURRETT, a Partnership

87-50                                      731 S.W.2d 779

Supreme Court of Arkansas
Opinion delivered July 6, 1987
[Rehearing denied September 21, 1987.]

*Hanks, Gunn & Borgognoni*, by: *Mary Ann Gunn*, for
appellant.

*Rieves & Mayton*, by: *Ted Mackall, Jr.* and *Michael R.
Mayton*, for appellees.

DARRELL HICKMAN, Justice. This is a legal malpractice
case. The material facts are undisputed. The appellant engaged

the appellees' law firm, specifically James F. McDougal, to represent him in a case against his mother, who shot him on his front lawn on June 12, 1984. He was seriously injured. Andrews and his mother had a stormy relationship, and each had their version of the trouble between them. The appellant decided not to press criminal charges against his mother but to sue her civilly. McDougal told Andrews that since another partner, Vince Skillman, was representing Andrews' father in a divorce suit against his mother, it would be best to wait until the divorce suit was settled before filing the civil suit against his mother. McDougal waited too long. The statute of limitations for battery, which is one year, had run. Ark. Stat. Ann. § 37-201 (Supp. 1985).

The appellant sued the appellees for malpractice. The appellees filed a motion for summary judgment. The basis of the motion was that the appellant had no case for malpractice because Andrews still had a cause of action against his mother for trespass. Consequently, Andrews was not damaged by the failure to file the law suit within one year. The trial court granted summary judgment.

The appellees' argument is that firing a shot onto or over the land of another is a trespass to real property and, if the trespass is willful, both compensatory and punitive damages can be recovered. The appellees cite Restatement (Second) of Torts § 159(1); *Boyd* v. *Fulton*, 212 Ark. 555, 206 S.W.2d 753 (1947), and several annotations on trespass. Specific attention is called to a Tennessee case, *Burson* v. *Cox*, 6 Baxt. 360, 65 Tenn. 360 (1873), where the court permitted an action in trespass although a suit for assault and battery was barred by the statute of limitations.

This argument is ingenious, but it will not work. This suit was not against someone for firing a bullet across land, but a suit against someone for shooting another person, which is battery. Ark. Stat. Ann. § 37-201 specifically states a battery action must be brought within one year after it accrues.

This court and federal courts interpreting Arkansas law have repeatedly looked to the gist of the action in determining which statute of limitations to apply. See generally *Tollett* v. *Mashburn*, 291 F. 2d 89 (8th Cir. 1981); *Dunlap* v. *McCarty*, 284 Ark. 302, 280 S.W.2d 884 (1955). We look to the gist of this case. Clearly, it was an action for assault and battery, which was

barred by the one year statute of limitations. Accordingly, summary judgment should have been denied.

The appellees have filed a motion to dismiss this appeal because, evidently, the appellant has filed a suit for trespass in circuit court. The argument is that that action is evidence that the appellant still has a viable cause of action and, therefore, this appeal should be dismissed. The filing of the complaint has no effect on this appeal. The appellant does not have a viable cause of action; his cause of action existed for one year and it has expired.

Reversed and remanded.