Robert O'BRYANT *v.* Calvin HORN and
Horn Lumber Co.

89-20                                     764 S.W.2d 445

Supreme Court of Arkansas
Opinion delivered February 13, 1989

618

*Tatum & Sullivan, P.A.,* by: *Terry Sullivan*, for appellant.

*Wright, Chaney & Berry, P.A.,* by: *William G. Wright*, for appellee.

Tom Glaze, Justice. This is an appeal from the trial court's dismissal with prejudice of the appellant's cause of action. The trial court granted the appellee's motion to dismiss based on the finding that the appellant's complaint stated a tort cause of action

for fraud or deceit, which was barred by the three year statute of limitations.[1] On appeal, the appellant argues the following three reasons why the trial court erred in dismissing the cause: (1) his complaint states a cause of action on a writing under seal and therefore a five year statute of limitations is applicable; (2) even if his cause of action only stated a cause of action in torts, the statute of limitations was tolled because of appellee's fraudulent concealment; and (3) the complaint on its face states a cause of action for breach of warranty of sales controlled by the Uniform Commercial Code and therefore a four year statute of limitations is applicable. We find no merit in appellant's arguments and therefore affirm.

We summarily dismiss appellant's second and third arguments by stating that these arguments were not made below, and we are unable to address them for the first time on appeal. *See, e.g., Reed* v. *Alcoholic Beverage Control Div.,* 295 Ark. 9, 746 S.W.2d 368 (1988). In addition, it is undisputed that a cause of action for deceit or fraud is subject to a three year statute of limitations as set out in Ark. Code Ann. § 16-56-105 (1987). Therefore the sole question before the court is whether the appellant's complaint also stated a cause of action based upon a writing under seal so that the five year statute of limitations for such actions under Ark. Code Ann. § 16-56-111(b) (1987) would apply.

In making this determination, the court must look to the complaint itself. *Dunlap* v. *McCarty,* 284 Ark. 5, 678 S.W.2d 361 (1984). If this court finds that two or more statutes of limitations apply to a cause of action, generally the statute with the longest limitations will be applied. *See Ballheimer* v. *Service Finance Corp.,* 292 Ark. 92, 728 S.W.2d 178 (1987). However, we look to the gist of the action to determine which statute of limitations to apply. *See Andrews* v. *McDougal,* 292 Ark. 590, 731 S.W.2d 779 (1987).

Appellant's cause of action arises out of the purchase of a

---

[1] The cause of action was also dismissed as to Calvin Horn, since the appellant's complaint did not state that Horn was acting in an individual capacity. Because this point is not argued on appeal, we do not address it and will refer to Horn Lumber Company as the only appellee.

used Clark log skidder from the appellee on May 3, 1984. Apparently, the appellant was told he was buying a 1978 model. The log skidder was destroyed by fire. The appellant had purchased insurance on the equipment based on its fair market value of $18,000. When settling the claim, the insurance company determined that the log skidder was a 1973 model, and the appellant could only recover its fair market value of $10,000. Because of this loss and expenses of repairs on the older log skidder, the appellant filed suit against the appellee on May 18, 1987, more than three years after the cause of action accrued.

In his complaint, the appellant alleged that due to the misrepresentation, negligence and/or fraud perpetrated by the appellee in selling him a skidder some five years older than what had been represented and what had been contracted for, he claimed damages in the amount of $15,000 for loss of the fair market value of the skidder and loss of wages and income. The notarized bill of sale was attached to the complaint. The bill of sale contains a warranty of title to a 1978 Clark skidder and that the title is free of any and all encumbrances, against the lawful claims of any and all persons.

■ Most of the appellant's brief presents arguments not heard below, such as breach of warranty of sales and fraudulent concealment of the cause of action. In the part of his argument we do address, the appellant relies on the bill of sale when arguing he alleged a contract action, which is covered by a five year statute of limitations. However, attachment of the bill of sale to the complaint is not enough to transform his action into one for breach of contract. As noted earlier, we look to the complaint to determine which statute of limitations to apply, and therefore the language of that complaint must show that the cause of action was based upon that writing, in this case the bill of sale.

■ While the complaint mentions the bill of sale, the allegations made in the complaint do not state a cause of action for its breach. For example, there is no statement that the appellee breached the bill of sale for failure to deliver title to the described property. Instead, throughout the appellant's complaint, allegations are made of misrepresentation and fraud, reliance on that misrepresentation and fraud, and damages suffered because of that reliance. An action for misrepresentation

and fraud lies in tort, and we agree with the lower court that this is the only cause of action pled in the appellant's complaint.

Further, we note the appellant's reliance on this court's holding in *Booth* v. *Mason*, 241 Ark. 144, 406 S.W.2d 715 (1966). In *Booth*, this court held that part of a complaint relating to a property description contained in the warranty deed was controlled by the five year statute of limitations for written instruments and therefore not barred. However, in doing so, the court stated that the Booths' complaint contained an alternative prayer based upon breach of warranty, which concerned certain acreage the Booths contended had been properly made a part of the property described in the warranty deed given them. In the present case, the appellant's complaint is void of any alternative prayer based upon the bill of sale, and instead, appellant concludes his complaint by stating that he is entitled to adequate compensation from the appellee for losses, which resulted from the appellee's misrepresentation, fraud and negligence—which is consistent with the allegations of misrepresentation he made throughout his complaint.

In sum, the gist of appellant's complaint clearly sounds in tort, and we simply are unable to construe it to include another type action so as to permit the application of a longer statute of limitations. Thus, we affirm the trial court's holding that the appellant's cause of action was barred by the three year statute of limitations for torts.