ERC MORTGAGE GROUP, INC. *v.* Jerry LUPER

CA 89-519                                                  799 S.W.2d 571

Court of Appeals of Arkansas
En Banc
Opinion delivered November 28, 1990

*Warner & Smith*, by: *G. Alan Wooten*, for appellant.

*Phillip J. Taylor*, for appellee.

PER CURIAM. Appellee, Jerry Luper, sued his employer, ERC Mortgage Group, Inc., for breach of the contract of employment. Luper obtained a jury verdict in his favor and a judgment for $5,602.24. The trial court awarded attorney's fees of $1,500.00 pursuant to Ark. Code Ann. § 16-22-308 (Supp. 1989).

ERC appealed, contending that the evidence was insufficient to support the verdict and that the trial court erred in awarding attorney's fees. We decided both issues in Luper's favor. *ERC Mortgage Group, Inc.* v. *Luper*, 32 Ark. App. 19, 795 S.W.2d 362 (1990).

Luper has now filed a motion seeking attorney's fees for the services of his attorney on appeal. In response, ERC contends that we lack authority under Ark. Code Ann. § 16-22-308 to award attorney's fees. That section provides:

> In any civil action to recover on an open account, statement of account, accounts stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a

reasonable attorney fee to be assessed by the court and collected as costs.

It is not clear from the code section whether "the court" refers to the trial court, the appellate court, or both. Two decisions of the Arkansas Supreme Court give us some guidance. *Fitzgerald* v. *Investors Preferred Life Ins. Co.*, 258 Ark. 966, 530 S.W.2d 195 (1975), was an action by dissenting stockholders to recover the value of their preferred shares of stock prior to a merger. Ark. Stat. Ann. § 66-4249 (now Ark. Code Ann. § 23-69-148 (1987)) provided, in pertinent part:

> (3)  If the amount determined by the courts as provided for in subsection (2) above, is in excess of such an amount as the surviving, consolidated or acquired corporation shall have offered to pay as the fair cash value of such stock, the court shall assess against the surviving, consolidated or acquired corporation the costs of such proceeding, including a reasonable attorney's fee to the stockholder and a reasonable fee to the appraisers, as it deems equitable; otherwise, such costs and fees to the appraisers shall be assessed one-half (½) against the corporation at one-half (½) against the stockholder.

In construing the statute the supreme court said:

> In view of the authorization in Ark. Stat. Ann. § 66-4249 for the assessment of reasonable attorney's fee for the services of the attorney for the dissenting stockholders, we are directing the trial court on remand to award an additional $1,000.00 for the services of the appellant's attorney in this Court.

A somewhat similar holding may be found in *Rauch* v. *First National Bank*, 244 Ark. 941, 428 S.W.2d 89 (1968). We conclude that the issue here is governed by the decisions in *Fitzgerald* and *Rauch* and that we do have authority under the statute to award attorney's fees to the prevailing party for services of his attorney on appeal. In the case at bar we award a fee of $1,000.00.