Amal OLAIMEY *v.* Nancy (Olaimey) TURK

CA 89-502                                        799 S.W.2d 572

Court of Appeals of Arkansas
En Banc
Opinion delivered December 12, 1990

*Bramlett & Pratt*, by: *Eugene D. Bramlett*, for appellant.

*Friday, Eldredge & Clark*, by: *Barry E. Coplin*, for appellee.

PER CURIAM. In this case, a panel of this court affirmed the

ruling of the chancellor granting appellee's petition for arrearages in child support. Appellee has submitted a motion requesting attorney's fees and costs incurred on appeal. Appellant has responded agreeing to an award of costs, but denying appellee's entitlement to attorney's fees.

In *Elkins* v. *Coulson*, 293 Ark. 539, 739 S.W.2d 675 (1987), the supreme court had before it a petition for a writ of prohibition contesting our authority to award attorneys' fees on appeal. The court ultimately denied the writ and dismissed the petition on procedural grounds, but in doing so, the court stated that "[t]he court of appeals clearly has jurisdiction and authority to award attorneys' fees in divorce cases." The court mentioned, however, in a footnote, citing the case of *Floyd* v. *Isbell*, 211 Ark. 631, 201 S.W.2d 755 (1947) that it may have been error to have awarded fees in that instance. In *Floyd* v. *Isbell*, the supreme court disallowed fees on appeal because the underlying action was to set aside a decree, and that type of action was not covered by the statute authorizing the recovery of attorneys' fees, which is now codified at Ark Code Ann. § 9-12-309(b) (Supp. 1989). Similarly, *Elkins*, *supra*, was an action to set aside a decree.

The clear implication from the above-cited authorities is that attorneys' fees are recoverable on appeal in domestic relations actions for "the enforcement of alimony, maintenance and support," as governed by the statute. Since the instant case involves the enforcement of child support, we do have the authority to award attorneys' fees on appeal.

The question remains, however, as to whether we should award fees in this case, and if so, what amount. In her motion, appellee states that 10.25 hours were spent preparing the appeal at $100 an hour for a total of $1,025, exclusive of costs named at $172.40.

Judging by the issues raised and the brief submitted, this is a reasonable request. In this case appellee was compelled to hire an attorney to enforce her legal rights granted under court order. Even though fees were allowed below, this is no reason to deny fees on appeal. It is rare that the fees awarded by the court adequately compensate the parties for the actual fees incurred. Appeals necessarily require additional time and the costs associated with appeals are rapidly increasing. It would be harsh not to

compensate a party for defending a court order on appeal, simply because they recovered attorney's fees at the trial level.

We have seen a metamorphosis in our society's attitude toward fees. We have shifted the burden of some costs to the wrongdoer or to those who prosecute frivolous actions. We are aware of the ever increasing specialized knowledge needed to become an attorney and to sharpen these skills, as well as the increased cost of private practice. It is surely harsh and unrealistic to deny those persons who perhaps may be the least able to afford fees, i.e. those who attempt to collect arrearages in child support, additional funds on appeal. Far from having a chilling effect on litigation, it may prompt non-custodial parents to voluntarily or more willingly pay sums required under court order.

Therefore, we grant appellee's motion for attorney's fees in the amount of $1,025 with costs of $172.40.

MAYFIELD, J., dissents.

JENNINGS, J., not participating.

MELVIN MAYFIELD, Judge, dissenting. The majority of the court has today ordered the appellant to pay appellee the sum of $1,025.00 for the services rendered by her attorney in the appeal of this case. I dissent for two reasons.

First, I dissent because appellee's motion contains no statement of authority in support of her request for attorney's fee, and makes no attempt to state any reason why the request should be granted. In *Bailey* v. *Montgomery*, 31 Ark. App. 1, 786 S.W.2d 594 (1990), this court stated: "As a general rule, attorney's fees are not allowed in Arkansas unless expressly authorized by statute." We cited the Arkansas Supreme Court opinion of *Damron* v. *University Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988), in support of that statement. Thus, I would deny appellee's motion because it simply fails to show any reason or authority for us to grant it.

In the second place, even if we were required or desired to determine on our own whether there is reason and authority to grant the motion, I would not do so under the facts and law.

This was an appeal from the trial court's holding that

appellant could not reduce the child support payable to appellee when one of the children started living with him instead of the appellee. While it is true that Ark. Code Ann. § 9-12-309(b) (Supp. 1989) provides that an attorney's fee *may* be allowed to *either* party for the enforcement of child support provided in a divorce decree, I would not allow a fee to the appellee for the services for her attorney in this court under the circumstances of this case. She has already been allowed a fee of $1,000.00 by the trial court and has been allowed court cost for the physical preparation of the brief filed by her in this court, and, in my opinion, the basis of the appellant's appeal clearly demonstrates that in fairness and equity any additional attorney's fee due appellee's attorney for this appeal should be paid by her.