The UNIVERSITY HOSPITAL of Arkansas *v.* Jennifer UNDERNEHR and Jerry Undernehr

91-71                                           821 S.W.2d 27

Supreme Court of Arkansas
Opinion delivered December 23, 1991

*Raymond Harrill*, for appellant.

*Marvia McIvor*, for appellees.

JACK HOLT, JR., Chief Justice. The issue in this case is whether the trial court erred in granting the motion to dismiss made by the appellees, Jennifer and Jerry Undernehr. We find that it did and reverse and remand.

On May 17, 1989, the appellant, The University Hospital of Arkansas (Hospital), filed the underlying action against the Undernehrs for the collection of a past-due hospital bill in the amount of $20,902.81. An affidavit of account was appended to the complaint, but it did not contain a detailed statement of account.

The Undernehrs filed a motion to dismiss on June 21, 1989, pursuant to Ark. R. Civ. P. 12, and alleged that the Hospital's medical services had been provided in February 1987 and that the Hospital was barred by the two year statute of limitations codified at Ark. Code Ann. § 16-56-106 (1987). The Hospital responded and asserted that it was exempt from application of the statute of limitations via the sovereign exemption and specifically stated that "[t]here is no allegation in the motion to dismiss as to when the last payment was made, nor that no payment was made since the date of providing services. There is therefore nothing to demonstrate that the complaint is not timely, even if the statute were to apply."

On October 3, 1990, counsel for the Hospital wrote the trial court requesting that the motion to dismiss be ruled upon as a matter of law. On December 13, 1990, the trial court entered an order dismissing the action.

On appeal, the Hospital alleges two points of error: 1) the

trial court erred in entering judgment under Rule 12(b) by considering facts not in the record without developing any factual record, and 2) the trial court erred in applying section 16-56-106(b), the two year statute of limitations, to an action brought by the sovereign.

Since we agree with the Hospital's first point of error and reverse the trial court, we will confine our discussion to that argument.

In *Mid-South Beverages, Inc. v. Forrest City Grocery Co.*, 300 Ark. 204, 778 S.W.2d 218 (1989) (citing *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989)), we noted that in reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. It is improper for the trial judge to look beyond the complaint to decide a motion to dismiss.

■ Using this standard of review, the Hospital's complaint and the attached affidavit of account do not reference the dates services were rendered, nor do they recite relevant payment history on the account. For the most part, they serve to allege a sum certain that "is now justly due and owing Plaintiff by Defendant." Accordingly, although the Undernehrs claim in their motion to dismiss that the Hospital's services were rendered in February 1987, there is nothing in the complaint form which the trial court could have discerned the applicable dates of occurrences that would have caused the statute to run or be tolled.

■ The Hospital also requests attorneys' fees incurred in connection with this appeal pursuant to Ark. Code Ann. § 16-22-308 (Supp. 1989), which provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

However, this statute allows a trial court to assess a reasonable attorneys' fee and is inapplicable upon appeal. *See*

Ark. R. Civ. P. 2.

Accordingly, we reverse and remand for further proceedings.