## Roy C. GREEN *v.* Vikita BELL

91-280                                                                826 S.W.2d 230

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Randell Templeton*, for appellant.

*John Walker*, for appellee.

PER CURIAM. The appellee, Vikita Bell, moves for attorney's fees of $5,352 in connection with her defense on appeal relating to a paternity action against the appellant, back child support, and prospective child support. We deny the motion.

We have awarded attorney's fees on appeal in the past but only when there was a statutory basis for doing so. We awarded attorney's fees in *Lockley* v. *Easley*, 302 Ark. 13, 786 S.W.2d 573 (1990) and premised the award on Ark. Code Ann. § 16-22-308 (Supp. 1991), which provides for payment in civil actions to

recover for breach of contract. The Arkansas Court of Appeals awarded fees using the same statutory basis in *ERC Mortgage Group, Inc.* v. *Luper*, 33 Ark. App. 9, 799 S.W.2d 1571(1990). In making the award in *Luper*, the court of appeals relied on two of our previous decisions where attorney's fees had been awarded pursuant to statutory authority. *See Fitzgerald* v. *Investors Preferred Life Ins. Co.*, 258 Ark. 966, 530 S.W.2d 195 (1975); *Rauch* v. *First National Bank*, 244 Ark. 941, 428 S.W.2d 89 (1968).

We have also awarded attorney's fees for successful appeals in divorce cases relating to enforcement of alimony, maintenance, and support pursuant to Ark. Code Ann. § 9-12-309 (1987). *See, e.g., Olaimey* v. *Turk*, 33 Ark. App. 28, 799 S.W.2d 572 (1990).

The case before us is a paternity case, and we find no statutory authority for awarding attorney's fees in these cases. The motion is, therefore, denied.