MOSLEY MACHINERY COMPANY, INC. *v.*
GRAY SUPPLY COMPANY, et al.
and
Jimmy Isbell d/b/a Isbell & Son *v.*
Ed Ball Construction Company, Inc.,
a/k/a Ed Ball Construction Co., Inc., et al.

91-306 and 91-317                                837 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered September 21, 1992

*Randy P. Murphy*; and *Dover & Dixon, P.A.*, by: *Philip E. Dixon*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Richard N. Watts* and *Brian Allan Brown*, for appellees Gray Supply Company and others.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellees Ed Ball Construction Company, Inc., and others.

PER CURIAM. In both of these cases the appellees, after prevailing in cases in this court, have asked for an award of attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 (Supp. 1991). They cite one of our cases, *Crisco* v. *Sun Industries*, 304 Ark. 227, 800 S.W.2d 717 (1990), and two court of appeals cases, *ERC Mortgage Group, Inc.* v. *Luper*, 33 Ark. App. 9, 799 S.W.2d 571 (1990) and *Olaimey* v. *Turk*, 33 Ark. App. 28, 799 S.W.2d 572 (1990), as authority for the award of attorneys' fees in the appellate court on appeals involving contract cases.

In *University Hospital* v. *Undernher*, 307 Ark. 445, 821 S.W.2d 27 (1991), we expressly held that Ark. Code Ann. § 16-22-308 (Supp. 1989) allowed a *trial court* to assess costs and attorneys' fees, but the statute was inapplicable to appellate courts. The statute has not been amended since that time. In the case of *Crisco* v. *Sun Industries*, 304 Ark. 227, 800 S.W.2d 717 (1990), we approved the award of fees by a trial court in a contract action. We did not discuss the award of attorneys' fees in an appellate court.

The court of appeals has held that in such cases an appellate court may award attorneys' fees under Ark. Code Ann. § 16-22-308 (Supp. 1991). *ERC Mortgage Group, Inc.* v. *Luper*, 33 Ark. App. 9, 799 S.W.2d 571 (1990) and *Olaimey* v. *Turk*, 33 Ark. App. 28, 799 S.W.2d 572 (1990). The court of appeals cases and our case are in direct conflict. We have re-examined the statute and have again concluded that it is not applicable to appellant courts. Thus, we overrule the court of appeals cases to the extent they are in conflict with our interpretation of the statute.

Accordingly, we deny the appellees' motions for attorneys' fees in the appellate court in both of these cases.