Sherman A. MORGAN *v.* Steven NEUSE

92-1453                                                                857 S.W.2d 826

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*Donald C. Donner*, for appellant.

*John W. May*, for appellee.

JACK HOLT, JR., Chief Justice. Sherman Morgan, a resident of Washington County, filed suit against Steven Neuse seeking to prevent Mr. Neuse, a tenured political science professor at the University of Arkansas, from serving as a member of the Washington County Board of Election Commissioners, claiming Morgan's appointment was in violation of our constitution, Article 3, Section 10:

> No person shall be qualified to serve as an election

officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve - save only to such subordinate municipal or local officers, below the grade of city or county officers, as shall be designated by general law.

Neuse was appointed to the Washington County Board of Election Commissioners as the "third member" pursuant to Ark. Code Ann. § 7-4-102(b) (Repl. 1991):

(b)(1) The third member for each of the county boards of election commissioners shall be appointed by the State Board of Election Commissioners from a list of five (5) names submitted to the State Board of Election Commissioners by the county committee of the majority party.

(2)(A) The nominees shall be certified to the State Board of Election Commissioners by the chairman of the county committee of the majority party.

(B) The third members for each of the county boards of election commissioners shall be elected by a majority vote of the State Board of Election Commissioners from the list of five (5) nominees submitted.

(C) The list of five (5) nominees shall be certified and submitted to the State Board of Election Commissioners by the majority party county committee chairman subsequent to the primary election but at least fifty (50) calendar days before any general election for state, district, or county office.

(D) The third member of each county board of election commissioners shall be elected as aforesaid by the State Board of Election Commissioners at least forty (40) calendar days before any general election for state, district, or county office.

The question of Mr. Neuse's eligibility to serve as a member of the Washington County Board of Election Commissioners was first raised in a related case, *Edwards* v. *Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993). In that case, another plaintiff/appellant, Dan C. Edwards, brought suit against Steven Neuse, Dale Evans and John Burrow, as former or current members of the Washington County Board of Election Commissioners; Marlene Ray, as a former member of that commission; and Job Serebrov, as Ms. Ray's replacement on the commission. Mr. Edwards sought a writ of mandamus to prevent Neuse from serving on the election commission. The trial court denied Mr. Edwards' petition, and we dismissed his appeal on the basis that Edwards failed to comply with our former Ark. Sup. Ct. R. 9(d) (now Ark. Sup. Ct. R. 4-2 (a)(6)), by not properly abstracting the record below.

In the case now before us, Mr. Morgan filed a complaint for declaratory judgment and injunction against Mr. Neuse, individually, seeking to disqualify Mr. Neuse from serving as the "third member" of the Washington County Board of Election Commissioners pursuant to Ark. Code Ann. § 7-4-102(b)(1) (Repl. 1991). Mr. Morgan asked the chancellor to make specific rulings as to:

> . . . First, That the Court declare the Defendant, Steven Neuse, to be disqualified from holding the office of Election Commissioner of the State of Arkansas "at the time of the election," furthermore enjoining the Defendant from holding said office during "the time of the election" so long as he shall continue to be employed by the State of Arkansas; Second, That, the Court declare the act of "voting" by the Plaintiff, Steven Neuse, upon any issue coming before the Board of Election Commissioners of Washington County, to be an act which takes place "at the time of the election"; Third, That the Court grant the Plaintiff, Sherman A. Morgan, his costs and whatever other appropriate relief the Court feels is justified.

In denying Mr. Morgan's request for declaratory judgment and injunctive relief, the trial court made only one finding, that Ark. Code Ann. § 7-4-101-113 (Repl. 1991) should be favored with the presumption of constitutionality and Mr. Morgan had failed to provide the court with a reason which would rebut that

presumption. The court made no ruling whatsoever on the other issues raised by Mr. Morgan, particularly whether Mr. Neuse was disqualified as election commissioner as long as he was a state employee and whether Mr. Neuse's "voting" was an act taking place "at the time of the election" as required by Article 3, Section 10 of our state constitution.

We have said on many occasions, the burden to obtain a ruling on a particular theory of recovery is on the party who advances that theory below. *Guaranty Nat'l Ins.* v. *Denver Roller, Inc.*, 313 Ark. 128, 854 S.W.2d 312 (1993); *City of Springdale* v. *Town of Bethel Heights*, 311 Ark. 497, 845 S.W.2d 1 (1992); *National Lbr. Co.* v. *Advance Dev. Corp.*, 293 Ark. 1, 732 S.W.2d 840 (1987). Likewise, it is well established that matters left unresolved at trial are waived and may not be relied upon on appeal. *Guaranty Nat'l, supra*; *Carpetland of N.W. Ark., Inc.* v. *Howard*, 304 Ark. 420, 803 S.W.2d. 412 (1991). Simply put, the burden was on Mr. Morgan to obtain the rulings he desired, and his failure to do so operates as a waiver.

In addition to failing to obtain a ruling on Mr. Neuse's eligibility and related issues, we also note that Mr. Morgan failed to bring a complete cause of action and to join the proper parties such as the State Board of Election Commissioners and the Washington County Board of Election Commissioners. *See* Ark. R. Civ. P. 19. In *State* v. *Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989) we specifically stated that the proper legal proceeding to challenge eligibility of a candidate and seek his removal is mandamus coupled with a declaratory judgment action. The same rings true to disqualify a person who is serving as an election commissioner under Ark. Code Ann. § 7-4-102 (Repl. 1991).

We consider matters involving our election processes to be of grave public interest and that they should be brought to a full and final resolve as expeditiously as possible. However, we cannot do so until we have both the appropriate parties and fully developed issues before us.

For these reasons, we must affirm the trial court.