ERNEST F. LOEWER, JR. FARMS, INC. *v.*
NATIONAL BANK OF ARKANSAS

93-808                                     870 S.W.2d 726

Supreme Court of Arkansas
Opinion delivered February 21, 1994
[Rehearing denied March 28, 1994.*]

*Crockett, Brown, & Worsham, P.A.*, by: *Richard E. Worsham, Cheryl Fisher Anderson* and *Robert J. Brown*, for appellant.

*Davidson Law Firm, Ltd.*, by: *Charles Darwin Davidson* and *Melanie C. Weaver*, for appellee.

TOM GLAZE, Justice. On July 31, 1983, Continental Cap-

---

*Holt, C.J., not participating.

ital Corporation (CCC) executed a promissory note to National Bank of Arkansas (NBA) in the amount of $150,000. On the same day the appellant, Ernest F. Loewer, Jr. Farms, Inc. (Loewer), executed an Assignment of Savings Account/Certificate of Deposit #50727 to NBA, assigning $100,000.00 of Loewer's $106,179.73 CD to NBA as collateral for the CCC note.[1] A Separate Collateral Agreement pledging the CD was also executed by Loewer on July 31, 1983. The CD matured on October 29, 1983, and renewal CDs were issued in Loewer's name. Loewer received periodic interest payments from these CDs.

On June 9, 1987, CCC defaulted on its note to NBA, and an officer of NBA endorsed Loewer's renewal CD #1753 which was payable in the amount of $102,056.85. NBA then issued a cashier's check for that amount payable to Loewer, endorsed the check and applied $100,000.00 of the proceeds to the CCC debt.

On January 7, 1992, about four and one-half years after CCC's default and NBA's application of Loewer's CD proceeds to CCC's debt, Loewer filed suit against NBA, seeking recovery of the $102,056.85, interest and attorney's fees. NBA answered, asserting the affirmative defense of the statute of limitations. On January 8, 1993, NBA filed a motion for summary judgment, alleging Loewer's tort or conversion claim was barred by the three-year statute of limitations set forth in Ark. Code Ann. 16-56-105 (1987).

On January 15, 1993, Loewer filed its first amended complaint, wherein it set forth additional allegations, stating (1) Loewer had pledged its CD for "clearing house purposes" only, (2) it never assigned additional collateral after its original CD had matured, (3) NBA and CCC's president had fraudulently concealed from Loewer that they had entered into a settlement agreement, (4) NBA's officer unilaterally made an unauthorized endorsement of Loewer's CD and cashier's check and (5) Loewer was entitled to the CD proceeds. In addition, Loewer

[1]Ernest Loewer, President of Loewer, and J. R. Hodges, President of CCC, had both social and business relationships and were involved in past loans, investments and collateralized loans.

requested attorney's fees under Ark. Code Ann. § 16-22-308 (Supp. 1993) for having to bring suit against NBA for its breach of the terms of Loewer's CD. On March 3, 1993, the trial court entered an opinion and judgment granting NBA's summary judgment, finding Loewer's claim was based on conversion rather than written contract and therefore barred by the statute of limitations, § 16-56-105.

On March 12, 1993, Loewer filed a second amended complaint re-alleging the facts in its first amended complaint, but adding that NBA had created a forged assignment of Loewer's original CD as well as a forged collateral agreement. Loewer also specifically alleged it was seeking recovery on a written contract based on NBA's breach of the written terms on renewal CD #1753 and was waiving any tort claims it might have. In doing so, Loewer sought to have its action come within the five-year statute of limitations applicable to written contracts under Ark. Code Ann. § 16-56-111(b) (Supp. 1993).

On April 2, 1993, Loewer filed a motion for reconsideration, and the trial court entered an order which temporarily set aside its March 3 opinion and judgment. Following a hearing on Loewer's motion, the trial court entered an order on April 8, 1993, which reinstated its March 3, 1992 opinion and judgment. Loewer appeals from that reinstatement order which dismissed Loewer's suit against NBA.

Loewer's primary argument for reversal is that the gist of its cause of action against NBA is in contract and is based upon NBA's breach of failing to pay Loewer the proceeds due it under the terms set forth in its renewal CD #1753. Loewer claims that the original CD #50727 it had assigned to NBA for clearing house purposes as collateral for CCC's loan matured on October 29, 1983, and that the successive renewal CDs, including CD #1753, were unconditionally payable to Loewer per the contract terms on those written CDs.[2] Loewer also asserts its action against NBA is one in contract because in its second amended complaint, Loewer specifically waived any tort claim it had.

The trial court below rejected Loewer's arguments, and in doing so relied in part on our holding in *O'Bryant* v.

*Horn*, 297 Ark. 617, 764 S.W.2d 445 (1989). In *O'Bryant*, the lower court dismissed O'Bryant's complaint because the complaint stated a tort cause of action for fraud or deceit and therefore was barred by the three-year statute of limitations, § 16-56-105. Like Loewer now argues in our present case, O'Bryant contended that his action was based on a written contract (a bill of sale) and that the lower court should have found O'Bryant's suit was filed timely under the five-year statute of limitations for written instruments, § 16-56-111(b). In support of his contention, O'Bryant alleged in his complaint that he purchased from Horn a used log skidder which was represented by Horn to be a 1978 model worth $18,000, when in fact it was a 1973 model with a market value of $10,000. Although O'Bryant claimed damages as a result of Horn's misrepresentation, negligence and/or fraud, O'Bryant also asserted Horn breached their written contract (bill of sale) which was attached to the complaint. In rejecting O'Bryant's argument, this court stated the settled rule that it looked to the gist of the action as alleged to determine which statute of limitations applies. *See also Goldsby* v. *Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992). This court concluded O'Bryant's attachment of the bill of sale to the complaint was not enough to transform his action into one for breach of contract.

Here, Loewer concedes the renewal CD #1753 attached to its complaint is the basis of its contract action against NBA. Nonetheless, Loewer claims *O'Bryant* is not controlling here because, in addition to attaching its CD to the complaint, Loewer also had other allegations in the complaint making its action sound in contract. For example, Loewer mentions its second amended complaint and its specific allegations that (1) Loewer sought recovery on CD #1753, (2) that CD #1753 is a written contract, (3) Loewer waived any tort claims, and (4) it was entitled to recover not only the proceeds evidenced by CD #1753, but also attorney's fees for breach of contract under § 16-22-308.

---

[2]Loewer's argument in this respect omits that NBA was assigned Loewer's CD and as assignee, NBA only exercised the same rights Loewer had as assignor-depositor of the CD. The original CD #50727 provided for automatic renewals for the same term as the original. Nothing in the collateral documents provided the original CD or its renewals would cease being collateral to the CCC note.

First, Loewer's argument ignores the many other factual allegations contained in its complaint. Loewer alleged that it pledged its CD for the CCC loan, but in an alleged "side agreement" the collateral was only for clearinghouse purposes. Loewer included several paragraphs in its complaint setting out that NBA was involved in replacing and changing dates on CDs, and in forging an assignment and collateral agreement in connection with the CDs and the CCC loan. In addition, Loewer factually asserted NBA unilaterally and without authority endorsed both CD #1753 and the cashier's check evidencing the proceeds of that CD. Clearly, these allegations considered together sound in tort, namely conversion.[3]

In sum, Loewer's argument emphasizes the written terms of its CD and NBA's failure to pay it upon maturity, but at the same time, Loewer ignores the significance of the documents both parties used to collateralize CCC's note. When NBA initially issued Loewer its CD, NBA did have an obligation to pay Loewer its proceeds under the terms on the CD. However, that obligation later became subject to an assignment and pledge, and as mentioned previously, Loewer now alleges events transpired to render those documents ineffective. The gist of those allegations clearly sounds in tort. Such allegations include words like forgery, unauthorized endorsement and misapplication of funds, which denote a wrongful dominion or control by NBA over proceeds purportedly belonging to Loewer. Certainly, these allegations are unnecessary when stating an action involving breach of contract. Accordingly, we agree with the trial court that the gist of the complaint sounds in tort, and because of this finding, Loewer's suit is barred by the three-year statute of limitations.

We should add that, even if we could accept Loewer's contract contention, we point out that the statute of limitations, § 16-56-111(b) (1987), that Loewer relies on is statutorily made inapplicable under § 16-56-103(b) (1987). Under the express terms of § 16-56-103(b), § 16-56-111(b) does not apply to suits

---

[3]Conversion is the exercise of dominion over property in violation of the rights of the owner or person entitled to possession with the specific intent to dominate or control property claimed by another. *City National Bank of Fort Smith* v. *Goodwin*, 301 Ark. 182, 783 S.W.2d 335 (1990).

to enforce payment of any bills, notes, or evidences of any debt issued by any bank.[4]

■ In conclusion, Loewer offers on appeal two alternative reasons for reversal if the court disagrees that the statute of limitations for written contracts is applicable. One, it suggests the six-year limitations after demand for payment under Ark. Code Ann. § 4-3-118(e) (Repl. 1991) should apply because Loewer's action merely involves the enforcement of NBA's obligation to pay Loewer the proceeds of its CD. Two, even if Loewer's action is one for conversion, NBA should not escape liability by claiming it converted a depositor's funds — that such a use of the three-year limitations is "shameful and unseemly." Neither these points nor the applicability of Article 3 of the UCC were ruled on by the trial court and matters left unresolved below are waived and will not be considered on appeal. *Morgan* v. *Neuse*, 314 Ark. 4, 857 S.W.2d 826 (1993).

For the reasons above, we affirm the trial court's decision.

HOLT, C.J., not participating.

---

[4]Under Ark. Code Ann. § 4-3-104(j) (Repl. 1991), a CD is a negotiable instrument under the UCC, and an action to enforce such an instrument under Article 3 of the UCC would be subject to the six-year limitation period under the Code, Ark. Code Ann. § 4-3-118(e).