Janie S. HICKS *v.* Ken CLARK

93-955                                    870 S.W.2d 750

Supreme Court of Arkansas
Opinion delivered February 28, 1994
[Rehearing denied April 11, 1994.]

*Pettus Law Firm, P.A.*, by: *Alisa Thorven-Corke*, for appellant.

*Arnold Law Firm*, by: *Thomas S. Arnold* and *Clarke Arnold*, for appellee.

Tom Glaze, Justice. On May 22, 1989, the appellant, Janie Hicks, filed a complaint alleging the appellee, Ken Clark, was negligent in permitting one of his cows to roam upon a roadway. Hicks alleged she hit the cow with her automobile, and sustained personal and property injuries for which she sought $61,209.51 in damages. The deputy sheriff failed to serve Hicks's summons and complaint on Clark until March 29, 1990, or more than ten months after the filing of the complaint. Clark filed no answer, and a default judgment was subsequently entered against Clark on July 17, 1991.

On October 8, 1992, Clark filed a motion to set aside the default judgment. Clark contended that, among other things, he had not been served personally within 120 days of the filing of Hicks's complaint, as required by ARCP Rule 4(i).

Following a hearing on October 9, 1992, the trial court set aside the default judgment because Clark had not been properly and timely served. It further held that, because Hicks had filed no motion within the 120-day time period seeking an extension of time for service, she was not entitled to refile her action under the one-year savings statute, Ark. Code Ann. § 16-56-126 (1987). The lower court dismissed Hicks's complaint with prejudice because her action was barred by the three-year statute of limitations, Ark. Code Ann. § 16-56-105 (1987). Hicks appeals from that order of dismissal and one reaffirming it dated February 25, 1993. We affirm.

Our recent decision in *Forrest City Machine Works, Inc.* v. *Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993), sets out the rules that control here. In *Lyons*, we related that Arkansas's rules pertaining to commencement of an action require only that the plaintiff complete service upon the defendant within 120 days from filing the complaint. However, if the plaintiff fails to complete service during that period, he or she may still request that the time be extended to complete service in order to protect the plaintiff against the running of a statute of limitations if that extension is requested within the 120-day period. We further said that, to toll the limitations period and to invoke the one-year savings statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. We concluded by saying that even where a court later finds

the plaintiff's timely completed service to be invalid, the plaintiff is not disinherited from benefiting from the one-year saving statute. *Accord Cole* v. *First National Bank of Ft. Smith*, 304 Ark. 26, 800 S.W.2d 412 (1990).

In the present case, Hicks altogether failed to meet the requirements of Rule 4(i) and ARCP Rule 3 discussed in *Lyons*. Hicks simply failed to obtain completed service upon defendant Clark, nor did she request an extension, within the required 120-day period. Instead, Hicks waited over ten months before completing any service on Clark, and this delay and her failure to request a timely extension prevented her from invoking the savings statute. This being so, and the applicable three-year statute of limitations having run, the trial court was correct in dismissing Hicks's action with prejudice. *See also Green* v. *Wiggins*, 304 Ark. 484, 804 S.W.2d 536 (1991).

Hicks's final argument is that the effect of setting aside her default judgment against Clark was "an arrest of judgment" and § 16-56-126 provides for commencing a new action within one year where the plaintiff suffered a "judgment arrested." However, Hicks failed to obtain a ruling on this point, and issues left unresolved below cannot be considered on appeal. *Morgan* v. *Neuse*, 314 Ark. 4, 857 S.W.2d 826 (1993).

For the reasons discussed, we affirm.

CORBIN, J., not participating.