SHELTER INSURANCE COMPANY *v.* Sheila ARNOLD

CA 96-678                                940 S.W.2d 505

Court of Appeals of Arkansas
Division II
Opinion delivered March 26, 1997

*Matthews, Sanders, & Sayes*, by: *Margaret M. Newton* and *Roy Gene Sanders*, for appellant.

*Bailey Law Firm*, by: *Rita F. Bailey*, for appellee.

ANDREE LAYTON ROAF, Judge. Shelter Insurance Company (Shelter) settled a claim with its insured pursuant to uninsured motorist coverage, and filed an action to recover from the

alleged negligent driver more than three years after the date of the accident. On appeal, Shelter argues that the trial court erred in granting a motion to dismiss based on the three-year tort statute of limitations. We affirm.

Shelter provided an automobile insurance policy to Deborah Day. The policy included medical payments and uninsured motorist coverage. On September 18, 1992, Ms. Day was involved in a car accident with the appellee, Sheila Arnold, who was uninsured. Beginning on May 17, 1993, Shelter paid medical benefits to Ms. Day, pursuant to the uninsured motorist provision in her policy, and paid a final settlement to her on May 15, 1995.

On October 6, 1995, Shelter, as Ms. Day's subrogee, filed a complaint against Ms. Arnold alleging that her negligence caused the accident and resulting injuries to Ms. Day. Ms. Arnold filed an answer denying liability and asserting as an affirmative defense that the action was time barred by the statute of limitations. Ms. Arnold also filed a motion to dismiss that invoked the same affirmative defense. In a brief filed in response to the motion to dismiss, Shelter argued that its cause of action against Ms. Arnold had not accrued until it paid Ms. Day's medical expenses, and attached copies of the drafts it paid to Ms. Day as exhibits. The trial court granted the motion to dismiss, finding that the three-year statute of limitations had run.

Shelter's sole point on appeal is that the trial court erred in granting Ms. Arnold's motion to dismiss based upon the statute of limitations; however, its argument is twofold. Shelter asserts both procedural error and errors in the application of substantive law. We will address each in turn.

First, Shelter asserts that the trial court erred in granting the motion to dismiss pursuant to Ark. R. Civ. P. 12(b), because matters outside the pleadings in the form of the exhibits it attached to its response to the motion to dismiss were presented to and not excluded by the trial court. Shelter contends that, consequently, the motion to dismiss should be treated as one for summary judgment, pursuant to Ark. R. Civ. P. 56, and that this court must view the evidence in the light most favorable to the one against

whom summary judgment was granted. *See, e.g., Pastchol v. St. Paul Fire & Marine Ins. Co.*, 326 Ark. 140, 929 S.W.2d 713 (1996).

In response, Ms. Arnold asserts that she properly raised the statute of limitations as an affirmative defense in both her answer and in a separate motion to dismiss. She argues that Shelter should not be allowed to change the nature of her motion or request for relief by simply attaching exhibits to its response.

Although we agree that it is improper for the trial court to look beyond the complaint to decide a motion to dismiss, *see, e.g., University Hosp. v. Undernehr*, 307 Ark. 445, 821 S.W.2d 27 (1991), it is not clear that the trial court considered Shelter's exhibits in granting the motion to dismiss. Nonetheless, because the procedural dispute will not alter the disposition, we treat the motion as one for summary judgment. *See* Ark. R. Civ. P. 12(b) and (c); *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996). Summary judgment should only be granted when there are no genuine issues of material fact, and when the case can be decided as a matter of law. *Smothers v. Clouette*, 326 Ark. 1017, 934 S.W.2d 923 (1996).

Turning to the second part of its argument, wherein error in the application of substantive law is alleged, Shelter contends that the trial court erred in granting judgment as a matter of law, because the law in Arkansas is unsettled regarding when the statute of limitations begins to run for an action brought by a subrogee.

Shelter asserted in its response to the motion to dismiss and in arguments to the trial court that its action was not based on tort, but was a subrogation or "contribution indemnity" case. Shelter contends that because Ms. Day had up to five years to sue Shelter for uninsured motorist coverage, the three-year statute of limitations did not apply, or did not begin to run until it paid Ms. Day's medical expenses.

Shelter further argues that if a three-year statute of limitations is applicable when an insurance company becomes the real party in interest as subrogee, the three-year statute of limitations begins to run from either the initial or the final payment of benefits to its insured. This argument is unpersuasive. Furthermore, Shelter's

reliance upon *Courtney v. First National Bank*, 300 Ark. 498, 780 S.W.2d 536 (1989), as authority for the general proposition that the statute only begins to run when there is a "complete and present cause of action" is likewise clearly misplaced.

■■ It is well settled that the gist of the action as alleged determines which statute of limitations applies, *Ernest F. Loewer, Jr. Farms, Inc. v. National Bank*, 316 Ark. 54, 870 S.W.2d 726 (1994), and that the three-year statute of limitations for tort actions begins to run when the underlying tort is complete. *Faulkner v. Huie*, 205 Ark. 332, 168 S.W.2d 839 (1943). Moreover, we agree with Ms. Arnold that *Williams v. Globe Indemnity Co.*, 507 F.2d 837 (8th Cir. 1974), a diversity case interpreting Arkansas law, is persuasive authority for the proposition that a subrogee insurance company is subject to the same limitations as its insured. Globe, like Shelter, contended that its cause of action did not accrue until it made payment to its insured. The court of appeals, in rejecting this argument and holding that Globe had no separate right to indemnification, stated:

> Appellant argues that the insurer acquires the right of indemnification against Appellee when actual payment is made to its insured, thereby implying that an insurer has some type of implied contract or liability imposed by law vis-a-vis the uninsured motorist . . . .
>
> . . .
>
> As a general rule, indemnity is not allowed absent an express or implied contract. There are, however, certain exceptions as between joint tort-feasors, one of whom was liable only because of his relationship to the other joint tort-feasor, or because of a specific statute where the right is imposed. None of these exceptions are applicable to this case. . . .
>
> The duty of the insurer to pay damages arises solely out of its contract with its insured and not by reason of any special relationship between the insurer and the uninsured motorist. The rights acquired by the insurer upon payment to the insured are solely derivative rights of subrogation. . . .
>
> Thus, the insurer stands in the shoes of the insured and takes no rights other than those which the insured had, and this is true regarding the applicable statute of limitations.

*Id.* at 840 (citing *American States Ins. Co. v. Williams*, 278 N.E.2d 295, 299–300 (Ind. App. 1972).

■ *Globe* mirrors the decision of every jurisdiction that has addressed this issue, except for those states that have specific statutory provisions giving insurance companies the expanded limitations period sought by Shelter in this case. *See* Jane Massey Draper, Annotation, *When Does Statute of Limitations Begin to Run Upon an Action by Subrogated Insurer Against Third-Party Tortfeasor*, 91 A.L.R. 3d 844, 850–55 (1979). The holding in *Globe* is further based on the well-settled rule that a subrogee acquires no greater rights and is subject to the same defenses as its predecessor in interest. *See, e.g., Midwest Mut. Ins. Co. v. Arkansas Nat'l Co.*, 260 Ark. 352, 538 S.W.2d 574 (1976).

Moreover, Shelter's policy arguments that this court should judicially legislate a five-year limitation period for subrogation claims to equal the length of its potential exposure to claims by its insureds is not persuasive, and completely ignores Shelter's ability to contractually protect itself from untimely claims made by its insureds.

■ Finally, Shelter's argument that the three-year statute of limitations may force insurance companies to bring actions against tortfeasors without knowing whether their insureds would seek benefits or the amount of those benefits certainly does not apply to the facts of this case. Here, Shelter began paying Ms. Day's claim in 1993, and paid the last dollar to her on May 15, 1995. The three-year limitations period did not run until September 18, 1995. Shelter thus had ample notice of its subrogation claim, and knew the exact amount of its claim more than four months prior to the expiration of the statute of limitations.

■ For the foregoing reasons, we hold that in actions based on negligence, a subrogee insurance company is subject to the same three-year statute of limitations period as its insured, and that the trial court correctly dismissed Shelter's action as a matter of law.

Affirmed.

ROBBINS, C.J., and GRIFFEN, J., agree.