TONY SMITH TRUCKING, *et al. v.*
WOODS & WOODS, LTD.

CA 00-1381                        55 S.W.3d 327

Court of Appeals of Arkansas
Division II
Opinion delivered September 26, 2001

*Hatfield & Lester,* by: *Richard F. Hatfield,* for appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Gail Ponder Gaines* and *Richard A. Smith,* for appellee.

J OHN B. ROBBINS, Judge. Three separate actions are consolidated for this appeal. The appellants, Tony Smith Trucking, Southern Refrigerated Transport, and Tony and Kathy Smith, all filed amended complaints against appellee Woods & Woods, Ltd., on October 19, 1999. The complaints alleged breach of contract due to the appellee's failure to exercise the required skill and workmanship of certified public accountants in the defense of audits of appellants' 1991, 1992, and 1993 income-tax returns. The trial court entered summary judgment against each appellant, ruling that their causes of action were barred by the three-year statute of limitations applicable innegligence cases. The trial court further ruled that, even if the five-year statute of limitations applied as asserted by appellants, appellants' claims were still time-barred because their complaints were filed more than five years after the filing of the last relevant tax return. The appellants argue on appeal that the trial court erred in entering summary judgment. We affirm.

Appellants' argument is twofold. First, they argue that the trial court erred in finding that the causes of action were in tort, rather than breach of contract, and as a consequence it applied the wrong

limitations period. Next, they argue that, assuming the statute of limitations is five years and not three, the trial court erred in finding that their complaints were not timely. The appellants contend that, in addition to an action for breach of appellee's earlier contract to prepare the subject tax returns, they also pled a cause of action for breach of appellee's contract to render services to appellants during the IRS audit of these returns. Because the audit occurred within five years of the filing of the October 19, 1999, amended complaints, their actions were not time-barred.

Arkansas Rule of Civil Procedure 56(c)(2) provides for summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" The moving party bears the burden of sustaining a motion for summary judgment; once the moving party meets this burden, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Calcagno v. Shelter Mut. Ins. Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997). On appeal, we view the evidence in the light most favorable to the opposing party and resolve all questions and ambiguities against the moving party. *Elder v. Security Bank*, 68 Ark. App. 132, 5 S.W.3d 78 (1999). Summary judgment is proper when the statute of limitations bars the action. *Alexander v. Twin City Bank*, 322 Ark. 478, 910 S.W.2d 196 (1995).

In the amended complaints filed by appellants on October 19, 1999, it was alleged that the appellee breached its agreement with appellants in their preparation of the 1991, 1992, and 1993 income tax returns, which subsequently resulted in damages. Moreover, the complaints asserted that the appellee breached its contract with the appellants in representing them in the IRS audit. Donny Woods, representing Woods and Woods, Ltd., joined in execution of a power of attorney with respect to each of the appellants in 1994, authorizing him to represent the appellants before the IRS. The appellants asserted in their complaints that each power of attorney represented a contract, and that each contract was breached due to Mr. Woods's deficient representation during the audit that occurred later. The complaints listed a variety of specific instances where Mr. Woods allegedly failed to raise the appropriate arguments or supply the correct documentation in his defense during the IRS audit. The appellants asserted that, as a result of the contract breach, they suffered damages including taxes, penalties, and interest assessed by the IRS, as well as "fees paid by Smiths to their accountants and attorneys to correct defendant's negligence[.]"

The appellants argue that their actions against the appellees were for breach of contract, and that pursuant to Ark. Code Ann. § 16-56-111 (Supp. 1999), the applicable statute of limitations is five years. However, the trial court found that, even though each complaint purported to be an action for breach of contract, "the gist of the action is one for professional negligence." The statute of limitations for negligence actions is three years. Ark. Code Ann. § 16-56-105 (1987); *Gibson v. Herring*, 63 Ark. App. 155, 975 S.W.2d 860 (1998).

■ In support of its argument, appellants attempt to distinguish this case from *Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998). In that case, the appellants sued for attorney malpractice, asserting both negligence and breach of contract. For its breach of contract claim, appellants maintained that the appellees contracted to represent them diligently and competently, but failed to do so for a number of stated reasons. The supreme court set out the following guidelines for determining which statute of limitations applied:

> In 2 R. MALLEN AND J. SMITH, LEGAL MALPRACTICE § 21.5(4th ed. 1996), the authors explain that "for a contract statute of limitations to apply, there must be a breach of a specific promise." To determine the cause of action, we look to the facts alleged in the complaint to ascertain the area of the law in which they sound. *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998). If two or more statutes of limitation apply, generally the statute with the longest limitations period will govern. *Id.* at 470; *Loewer Farms v. National Bank of Ark.*, 316 Ark. 54, 870 S.W.2d 726 (1994).

*Id.* at 48, 977 S.W.2d at 220. The supreme court held that the three-year limitations period applied, stating:

> The complaint in this case obviously contained a claim of breach of contract. The question thus becomes whether the reference to diligence in the contract is the sort of specific promise that transforms the gist of the action from one for negligence into one for breach of the written agreement. We hold that it does not. The obligation to act diligently is present in every lawyer-client relationship. The violation of that obligation is, by definition, nothing more than negligence. Our conclusion that the gist of the action in this case is negligence is further supported by the fact that the amendment of the complaint to state the contract claim was an obvious afterthought and was done apparently upon realization that, but for one, the negligent acts alleged all occurred more than three years prior to the filing of the complaint.

*Id.* at 49-50, 977 S.W.2d at 221.

The appellants assert that the case at bar is materially different than *Sturgis v. Skokos, supra*, because the powers of attorney required the appellee to perform specific promises. Appellants contend that the contracts required Mr. Woods to perform detailed duties to the best of his knowledge, skill, and ability, which included performing acts on behalf of the taxpayers such as signing agreements, consents, or other documents. Moreover, appellants point out that the powers of attorney stated that Mr. Woods is an enrolled agent under Treasury Department Circular No. 230, which requires representation concerning:

> (a) all matters connected with a presentation to the Internal Revenue Service or any of its officers or employees relating to a client's rights, privileges, or liabilities under laws or regulations administered by the Internal Revenue Service.

> (b) presentations including preparing and filing necessary documents.

> (c) corresponding and communicating with the Internal Revenue Service; and

> (d) representing a client at conferences, hearings, and meetings.

The appellants note that Mr. Woods's breach of contract is alleged to have occurred through April 24, 1995, when his representation was terminated. This was less than five years prior to the filing of their amended complaints, and appellants argue that, since Mr. Woods was specifically authorized to take specific actions as noted above, a fact question existed as to whether the five-year statute of limitations was applicable.

We are unpersuaded by appellants' argument and hold that, for purposes of determining the applicable limitations period, this case is indistinguishable from *Sturgis v. Skokos, supra*. Both cases involve a general agreement by professionals to exercise diligence in representing their clients. While the appellants submit that the powers of attorney outlined sufficient specific promises to trigger the five-year limitations period for breach of contract actions, we disagree. The forms authorized Mr. Woods to represent appellants before the IRS, and by way of example stated that he was authorized to sign agreements, consents, or other documents. However, the powers of attorney do not contain or contemplate specific

promises, but at most represent a general duty to represent appellants with diligence. A violation of that obligation is, by definition, nothing more than negligence. *See Sturgis v. Skokos, supra.* Our conclusion that the gist of the action is negligence is further supported by the fact that the original complaints filed by appellants alleged only negligence, but were soon amended to include breach of contract. *Id.*

■■ In *Ford's Inc. v. Russell Brown & Co.*, 299 Ark. 426, 773 S.W.2d 90 (1989), the supreme court announced that in Arkansas malpractice cases concerning not only attorneys and physicians but also accountants, the three-year statute of limitations begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when it is discovered. While the appellants in the instant case argued below that the appellees fraudulently concealed its negligence, this argument was rejected by the trial court and has not been raised as an issue on appeal. The three-year statute of limitations began to run no later than April 24, 1995, when the appellee discontinued its representation of appellants. Since the limitation period expired before appellants filed their 1999 complaints, the trial court correctly entered summary judgment against appellants as there were no genuine issues of material fact remaining and appellee was entitled to judgment as a matter of law.

Appellants' remaining argument is that, if the five-year limitations period applies, then their claims are not time-barred because the appellee was defending the audit within five years of the filing of their complaints. However, due to our disposition of the first issue, we need not address this contention.

Affirmed.

BIRD and VAUGHT, JJ., agree.