SLIP OPINION                    Cite as 2016 Ark. App. 169

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–666

| | |
|---|---|
| ARNOLD L. MOODY<br><br>APPELLANT<br><br>V.<br><br>MARY A. TARVIN, JIMMY D. TARVIN, RICHARD D. CHRISTIE, AND MARY A. TARVIN AND JIMMY D. TARVIN D/B/A TARVIN TRAILER PARK<br><br>APPELLEES | **Opinion Delivered** March 16, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV13-897-1]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

On appeal, Arnold Moody contends that the trial court erred in granting summary judgment in favor of appellees, Mary Tarvin, Jimmy Tarvin, Richard Christie, and Mary Tarvin and Jimmy Tarvin, d/b/a Tarvin Trailer Park (collectively "the Tarvins"). We disagree and affirm.

On November 22, 2008, Arnold Moody and Richard Christie were involved in a physical altercation at the Tarvin Trailer Park in Lonsdale, Arkansas. Both men were tenants of the trailer park. On November 21, 2013, Moody filed a complaint for breach of contract in the Garland County Circuit Court, alleging that he had entered into a written landlord–tenant contract on September 18, 2008, with appellee Mary Tarvin and Jimmy Tarvin, d/b/a Tarvin Trailer Park. In his complaint, Moody alleged that he sustained serious physical injuries caused by Richard D. Christie, who worked as a maintenance person for the Tarvins at the

trailer park. Mary Tarvin was served with the complaint; Jimmy Tarvin is deceased. Richard Christie was never served. Moody contended that the Tarvins had a duty to provide him with a safe living environment as a result of their landlord-tenant relationship. Moody argues that the Tarvins knew or should have known of Christie's alleged violent tendencies.

After discovery was completed, including the taking of several witnesses' depositions, the Tarvins moved for summary judgment on December 10, 2014. The Tarvins maintained that Moody's claims were for assault and battery and/or negligence, both of which were time-barred when Moody filed his complaint. The Tarvins further argued that Moody could not avoid statute-of-limitations defenses simply by calling his claim one for breach of contract rather than one for assault and battery and/or negligence. Moreover, the Tarvins argue that even if Moody's claims were not barred by the statute of limitations, they would fail because the Tarvins owed no legal duty to protect Moody from criminal acts. Moody responded that his claim was one for breach of contract because the Tarvins' duty to protect should be implied.

The trial court held a hearing on the motion for summary judgment on April 20, 2015. An order granting the motion for summary judgment was entered on April 22, 2015. Moody timely filed a notice of appeal, and the matter is now before this court.

Our standard of review for summary-judgment cases is well established. *Mitchell v. Lincoln*, 366 Ark. 592, 237 S.W.3d 455 (2006). On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *Madden v.*

*Mercedes-Benz USA, Inc.*, 2016 Ark. App. 45. This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001). Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Ginsburg v. Ginsburg*, 353 Ark. 816, 120 S.W.3d 567 (2003). We no longer refer to summary judgment as a drastic remedy and now simply regard it as one of the tools in the trial court's efficiency arsenal. *Id.* Once a moving party has established prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.*

On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Laird v. Shelnut*, 358 Ark. 632, 74 S.W.3d 206 (2002). Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.* [1]

Here, the evidentiary items presented by the Tarvins do not leave material questions of fact unanswered. The trial court's granting of summary judgment was appropriate because

---

[1] There is a line of cases which holds that in making the determination on the application of the statute of limitations, this court looks to the complaint itself, despite the fact that the trial court had actually granted summary judgment (*see McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998); *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992)). Here, the rental terms were attached to the complaint and this case does not completely turn on a determination of whether the applicable statute had run, but rather what the correct cause of action was.

SLIP OPINION

the gravamen of Moody's claim is for assault and battery and/or negligence, not breach of contract. There is a one-year statute of limitations applicable to actions for assault and battery. *See* Ark. Code Ann. § 16-56-104(2)(A) (Repl. 2015). The altercation between Moody and Christie occurred on November 22, 2008. Moody filed his complaint on November 21, 2013—four years after the statute had run. There is a three-year statute of limitations applicable to negligence and other claimed obligations not expressed in writing. *See* Ark. Code Ann. § 16-56-105. That statute of limitations expired on November 22, 2011, two years before Moody filed his complaint. Because Moody's claims were time-barred when he filed this action, the trial court correctly dismissed his complaint.

Moody asserts that his cause of action is not for assault and battery or negligence, but rather for breach of a written contract. There is a five-year statute of limitations for written obligations, duties, and rights, including breach–of–contract claims. *See* Ark. Code Ann. § 16-56-111. The fact that Moody simply calls his claim a breach–of–contract cause of action does not make it so. Nowhere in his complaint does Moody show that this is a breach of a specific promise.

In support of his theory, Moody attaches the "Rental Terms" for Tarvin Trailer Park to his complaint. This form, which is not specific to him, contains no promise, specific or general, on the part of the Tarvins to protect him from harm. Instead, it reflects what services are included with monthly rent, the amount of rent, an explanation of the deposit and how it is returned, the payment of utilities, trash pick-up information, reporting any trailer damage, the pet policy, and that the renter is responsible for normal upkeep of the yard (while the landlord maintains mowing, weed eating, and pest control). There is nothing in this form to

4

support Moody's purported breach–of–contract claim.  Further, there is some confusion as to whether Moody actually signed the form. Mrs. Tarvin testified that she had been unable to locate a copy signed by either Moody or his wife, but she believed the Moodys signed the form at the time of rental. Assuming that the document was, in fact, signed, it still does not support Moody's claim for breach of contract. Furthermore, it is the only document Moody has relied on as the basis for his lawsuit.

The factual allegations of Moody's complaint fail to support his claim for breach of contract. Instead, the complaint points to assault and battery, with Moody contending that Christie "assault[ed] and batter[ed] him." Moody alleges that the Tarvins employed Christie and "knew or should have known of Defendant Christie's violent tendencies."  Moody also seeks damages for his alleged personal injuries—damages that ordinarily flow from an assault and battery or negligence claim. He asks the trial court to award him money for his medical bills and pain and suffering, stemming from his personal injuries, not from a breach of a contract.

Moody argues that implicit in item six of the rental terms, which reads, "Any trailer damage (water leaks, broken appliances . . . ) should be reported to the landlords immediately for prompt repairs," is a duty on the part of the Tarvins to protect him from criminal acts. He contends that because Christie worked for the Tarvins and would be making the repairs, the Tarvins somehow implied to Moody that they would protect him from criminal acts in the course of those repairs. This argument lacks merit. There is nothing in any of the terms— specifically item six—that has to do with criminal acts and a duty to protect. No duty on the part of the Tarvins  can be inferred from this language. Even if there had been a duty, Christie

was not making any repairs at the time of the altercation. Moody cannot avoid the certain effect of the statute of limitations for assault and battery and/or negligence by simply labeling his claim as one for breach of contract. *See Tony Smith Trucking v. Woods & Woods*, 75 Ark. App. 134, 137, 55 S.W.3d 327, 329 (2001).

The circuit court granted the motion for summary judgment from the bench, stating, "I appreciate your arguments, Mr. Standridge, but this is an assault and battery complaint. Could have come forward as a negligent hiring, or some negligence cause of action, but it's not a breach of contract claim." The trial court was correct. By the time Moody filed his complaint, the statute of limitations had expired. Accordingly, we affirm.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*The Law Offices of J. Brent Standridge, P.A.*, by: *J. Brent Standridge*, for appellant.

*Watts, Donovan & Tilley P.A.*, by: *Richard N. Watts* and *Staci Dumas Carson*, for appellees.