PHILLIP T. WHITEAKER, Judge | ]Felicia Farris, M.D., appeals from an order of the Pulaski County Circuit Court granting the motion for summary judgment filed by appellees Cynthia Conger and Conger Wealth Management (collectively, CWM). The circuit court found that Farris’s cause of action sounded in negligence, rather than in contract, and that her complaint was barred by the three-year statute of limitations attendant to negligence actions. We agree and affirm. The facts of the case are not in dispute. Farris and CWM entered into a contract by which CWM agreed to provide wealth-management services to Farris. On November 11, 2008, Farris learned of an opportunity to purchase a parcel of real estate at a foreclosure sale, and she asked CWM to transfer money from her Fidelity Investment account to her personal checking account so that she could purchase the property at the sale. CWM advised Far-ris |2that the cutoff for initiating a timely Federal Reserve Wire Network (FRWN) money transfer was 3:00 p.m. on November 13; however, CWM did not initiate the transfer until 3:21 p.m. CWM also initiated an Automated Clearing House transfer, rather than a FRWN transfer, which would take several days to clear. The property was sold to someone else at the sale. Farris was ultimately able to purchase the property, but she had to spend $51,843.98 to do so instead of $22,286.70. Farris filed a breach-of-eontract complaint against CWM on October 10, 2013,[1] asserting that, by failing to timely transfer the funds, CWM had breached its written wealth-management agreement with her. Farris sought restitution, lost profits, costs and fees, prejudgment interest, and punitive damages. CWM filed a motion to dismiss on the grounds that Farris’s complaint sounded in tort, rather than in contract, and thus the three-year statute of limitations for a negligence action had expired. CWM subsequently filed a motion for summary judgment, asserting the same reasoning. The circuit court granted CWM’s motion for summary judgment. The court found that the complaint contained a claim of breach of contract, but then noted that “the question then becomes whether the reference to the contract is the sort of specific promise that transforms the gist of the action from one for negligence into one for breach of the written agreement.” The court concluded that it did not and that the complaint was “based upon a negligence claim cloaked as a contract claim.” Accordingly, the court determined that laFarris’s claim was barred by the statute of limitations and granted CWM’s summary-judgment motion. Ordinarily, our review of a grant of summary judgment is well settled. A circuit court may grant summary judgment when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. Lucci Corp. v. Breaux Mfg. Co., 2013 Ark. App. 705, at 3, 2013 WL 6280857. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. Id. at 3-4. We determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of the motion leaves a material fact unanswered. Id. at 4. We view the evidence in the light most favorable to the party against whom the' motion was filed, resolving all doubts and inferences against the moving party. Id. However, a different standard applies in this appeal. Here, the circuit court’s dismissal of Farris’s complaint was based on its characterization of the nature of her claim, which resulted in the court’s finding that Farris’s cause of action was barred by the running of the statute of limitations. When this occurs, our analysis is somewhat different. In McQuay v. Guntharp, the supreme court explained that in such circumstances, the appellate court “must look to the complaint itself’ in reaching its conclusions regarding the statute of limitations. 331 Ark. 466, 470, 963 S.W.2d 583, 584 (1998) (citing O’Bryant v. Horn, 297 Ark. 617, 764 S.W.2d 445 (1989); Dunlap v. McCarty, 284 Ark. 5, 678 S.W.2d 361 (1984)); see also Goldsby v. Fairley, 309 Ark. 380, 831 S.W.2d 142 (1992) (in making the determination on the application of the statute of limitations, this court looks to the complaint itself, despite the fact that the trial court had granted summary judgment). The scope of judicial focus when deciding whether a contract or tort statute of limitations applies is based upon the “gist” of the allegations raised in the complaint. Tony Smith Trucking v. Woods & Woods, Ltd., 75 Ark. App. 134, 136, 55 S.W.3d 327, 329 (2001). Based upon the above authority, we turn our attention to Farris’s complaint. In determining the “gist” of her complaint, we must look to the facts alleged, as Arkansas does not recognize notice pleadings, only fact pleadings. Id. Moreover, only facts alleged in the complaint are treated as true, not the plaintiffs theories, speculation, or statutory interpretation. Worden v. Kirchner, 2013 Ark. 509, 431 S.W.3d 243; Dockery v. Morgan, 2011 Ark. 94, 380 S.W.3d 377. Farris’s complaint states that her action is one for breach of contract. In order for the contract statute of limitations to apply, there must have been a breach of a specific promise. Sturgis v. Skokos, 335 Ark. 41, 977 S.W.2d 217 (1998). Thus, to determine whether Farris’s complaint sounds in contract or in tort, we must determine what specific contractual agreement she contends was breached. In her breach-of-contract count, Farris alleged the following: Conger Wealth Management had exclusive control over Dr. Farris’s Fidelity Investment Account. By agreeing and assuring Dr. Farris that they would execute transfer of funds in a timely fashion so that the funds [would be] available to purchase the property and in failing to do so, the defendants breached the written Wealth Management Services contract with Dr. Farris. The defendant’s breaches of contract include, but are not limited to, failing to arrange for execution of the brokerage transaction as directed by Dr. Farris in a timely | ^fashion and in compliance with paragraph 5 of the written Wealth Management agreement. This breach of contract proximately caused Dr. Farris financial damages that would not have occurred otherwise. The crux of Farris’s complaint is that CWM failed to transfer funds from one account to another in a sufficiently timely manner to enable her to purchase the property she desired. Specifically, Farris alleged a breach of contract in CWM’s failure “to arrange for execution of the brokerage transaction as directed by Dr. Farris in a timely fashion and in compliance with paragraph 5.” In O’Bryant, supra, the supreme court stated that a complaint must show that the plaintiffs cause of action was based upon the writing in order for the statute of limitations for written contracts to apply. We therefore turn to paragraph 5 of the contract. Paragraph 5 is captioned “Execution of Brokerage Transactions” and addresses how CWM arranges for the execution of securities brokerage transactions. The bulk of the paragraph explains how CWM will arrange for such transactions through a broker-dealer and will engage in best practices to accomplish brokerage transactions. Farris, however, points to a portion of one particular sentence in that paragraph. As quoted by Farris, that sentence declares that “[w]e shall endeavor to process all Account transactions in a timely manner[.]” Farris thus argues that because CWM did not process her account transaction in a timely manner, it breached its written agreement. That is not the entirety of that sentence, however. In full, it reads as follows: ‘We shall endeavor to process all Account transactions in a timely manner, but do not represent nor warrant that any such transaction shall be processed or effected by the Broker-Dealer on |fithe same day as requested.” This is more in the nature of a disclaimer, rather than a specific promise. Moreover, to the extent that it can be construed as a promise, it is a promise to attempt to perform diligently. The question then becomes whether a promise to perform diligently can form the basis of a breach-of-contract claim. The answer is that it cannot. In Sturgis v. Skokos, supra, the supreme court held that a failure to “proceed diligently” was not a breach of a specific promise but was nothing more than negligence. Similarly, in Tony Smith Trucking v. Woods & Woods, supra, this court held that a contractual agreement to perform detailed duties to the best of one’s “knowledge, skill and ability,” “at most represented] a general duty to represent appellants with diligence. A violation of that obligation is, by definition, nothing more than negligence.” Tony Smith Trucking, 75 Ark. App. at 138-39, 55 S.W.3d at 331. Supreme court caselaw is thus clear that an allegation of a failure to perform diligently amounts to negligence. Farris alleged that CWM breached paragraph 5 of the agreement. The applicable portion of paragraph 5, however, promises nothing more than an attempt to perform diligently. As such, on its face, Farris’s complaint does not raise a contract claim. The circuit court did not err in concluding that the gist of Farris’s complaint sounded in negligence and that, as a result, the complaint was time-barred. Affirmed. Gladwin, C.J., and ViRden, Gruber, Hix-son, and BROWN, JJ., agree. Harrison, Glover, and Hoofman, JJ., dissent. . A breach-of-contract claim has a five-year statute of limitations. Ark.Code Ann. § 16-56-111(a) (Repl. 2005).