Brandon J. Harrison, Judge, dissenting. |7I respectfully dissent from the majority’s opinion. Like the circuit court before it, this court has judged the merit of Far-ris’s contract claim rather than focusing on the sole issue that was before the circuit court when it dismissed Farris’s amended complaint: accepting all of her allegations as true, and looking only at the amended complaint and the written contract that Farris attached to it, did she allege the “gist” of a contract claim for the purpose of deciding whether the five-year statute-of-limitations period applies? The answer is yes. Whether she has a winning or losing claim is not before us. This case turns on fundamentals, and a basic tenet of pleading is that a party states a contract claim if she “assertfs] the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of the defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach.” Perry v. Baptist Health, 358 Ark. 238, 244, 189 S.W.3d 54, 58 (2004). Here, Farris attached to her amended complaint a written agreement between the parties and stated that it governed the parties’ wealth-management relationship. She also factually alleged that Conger breached the agreement by failing to correctly and timely execute a brokerage transaction as the written contract required Conger to do. Farris then specifically stated that she was damaged given Conger’s failure to perform under the contract. Because we must assume that Farris’s allegations are true given the legal question presented — a point of procedure on which we all agree — I would hold that the circuit court erred in concluding that the complaint was time-barred. The majority’s affirmance opens the law of pleading and statutes of limitations to a Isdegree that will encourage more parties to ask circuit courts to decide how a plaintiffs complaint should be characterized. This is not a desirable development on the whole, especially given the wide gate this case arguably creates. The claim-characterization doctrine applied in this case stems from a short line of cases that primarily involved complaints where a negligence claim was characterized as a contract claim for the purpose of avoiding the shorter limitations periods that typically apply in tort cases. As the majority itself recognizes, when two or more statutes of limitations could apply, then courts must determine the core of the case by looking solely at the complaint. McQuay v. Guntharp, 331 Ark. 466, 963 S.W.2d 583 (1998). But if there is doubt on which statute should be applied, courts should favor the one that gives a plaintiff more, not less, time. Sturgis v. Skokos, 335 Ark. 41, 48, 977 S.W.2d 217, 220 (1998) (“If two or more statutes of limitations apply, generally the statute with the longest limitations period will govern.”). This basic rule was not applied in this case. The time-bar question can certainly turn on whether the plaintiff has satisfied Arkansas’s fact-pleading requirements. McQuay, supra. In my view, however, Farris sufficiently stated a contract claim, in part, because “a breach of contract is not treated as a tort if it consists merely of a failure to act (nonfeasance) as distinguished from an affirmatively wrongful act (misfeasance).” Morrow v. First Nat’l Bank of Hot Springs, 261 Ark. 568, 550 S.W.2d 429 (1977). Farris’s amended complaint does not necessarily allege misfeasance. Instead, she alleges that Conger failed to perform in accordance with a contractual term. That is wholly consistent with a contract claim. See, e.g., Zufari v. Architecture Plus, 328 Ark. 411, 914 S.W.2d 756 (1996) (plaintiff’s complaint sufficiently pled a breach-of-contract claim and five-year limitations period applied). This court .recently, and correctly, applied the gist-of-the-eomplaint rule in Moody v. Tarvin, 2016 Ark. App. 169. There, Moody alleged that he sustained serious physical injuries caused by a maintenance person who worked for the Tar-vins at the trailer park they owned. Id. Moody contended that the Tarvins had a duty to provide him with a safe living environment as a result of their landlord-tenant relationship and they knew or should have known of the maintenance person’s alleged violent tendencies. Id. Moody attached a written landlord-tenant contract to his complaint. Id. But unlike this case, there was a question whether Moody even signed the contract. And the contract in Moody primarily addressed rent payments, pet policies, and yard maintenance. Id. The contract said nothing about protecting tenants from harm that could befall them at a third-party’s hand. We affirmed the circuit court’s summary judgment in the Tarvins’ favor because Moody’s complaint did not come close to alleging a contract claim, and the deadline to file tort claims had expired. Id. Moody presented a case in which the courts were justifiably asked to reject a plaintiffs characterization of her own complaint. But this case is far from Moody. The majority doesn’t address Moody, though it does invoke two other cases to support its conclusion that Farris’s complaint could not possibly assert a contract claim. The first case is an attorney-malpractice case, Sturgis, 335 Ark. 41, 977 S.W.2d 217. Here, no particular professional-responsibility rule or malpractice statute was argued to the circuit court so as to bring this case within Sturgis’s orbit. The second case my colleagues put |10stock in is Tony Smith Trucking v. Woods & Woods, Ltd., 75 Ark. App. 134, 55 S.W.3d 327 (2001). There, clients sued their accountant in contract and in tort because the accountant allegedly caused an IRS audit. The contract provisions in that case were admittedly broad — “duties [for the accountant to perform] to the best of his knowledge, skill, and ability” — and this court acknowledged that the circuit court’s “conclusion that the gist of the action is negligence is further supported by the fact that the original complaints filed by appellants alleged only negligence, but were soon amended to include breach of contract.” Id. at 138-39, 55 S.W.3d at 330-31. So Tony Smith Trucking is distinguishable from this case, too, as a technical matter. The deepest problem with the majority opinion is not a point of legal finery on whether preexisting cases can be sufficiently distinguished from this one or not, but that it must interpret the contract to conclude that the written agreement can’t possibly support an actionable promise. This is a curious tack because, once again, fundamental tenets of contract law oppose the maneuver. What the parties understood a certain paragraph to mean — and the conduct it could or could not cover — is often the merits question in a contract case. See, e.g., Prochazka v. Bee-Three Dev., LLC, 2015 Ark. App. 384, 466 S.W.3d 448. Maybe the provision in paragraph 5 is a disclaimer that is not actionable in the manner that Farris asserts in her complaint. Maybe not. Whatever the answer, the issue strikes me as a contract-interpretation point on the claim’s merit. I understand the allure to end this case given the developed record the parties made in the circuit court. But on the whole, I am unwilling to deny Farris a merit decision based lnon a limitations argument that is grounded in an uncommon and inherently slippery claim-characterization doctrine. The circuit court’s decision should be reversed because it (1) considered material outside the complaint and (2) then concluded that the amended complaint sounded solely in tort. The complaint should not have been time-barred, especially when no defending party has presented any reason why applying the longer limitations period would be prejudicial. Glover and Hoofman, JJ., join.