Cite as 2021 Ark. App. 231

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV–20–165

| | |
|---|---|
| DAVID VIELE; BETH VIELE, INDIVIDUALLY AND AS TRUSTEE FOR THE HELEN E. VIELE IRREVOCABLE TRUST; AND BETH'S BAIL BONDS, INC. APPELLANTS | **Opinion Delivered:** MAY 12, 2021 APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-17-2234] |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| COREY WILLIAMS, IN HIS CAPACITY AS A VICE PRESIDENT OF CENTENNIAL BANK; ASHLEY MORAN, IN HER CAPACITY AS A CLERK FOR CENTENNIAL BANK; AND CENTENNIAL BANK APPELLEES | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellants David Viele; Beth Viele, individually and as trustee for the Helen E. Viele

Irrevocable Trust; and Beth's Bail Bonds, Inc. (BBB), appeal the November 18, 2019 order

of the Pulaski County Circuit Court granting summary judgment to appellees Corey

Williams, in his capacity as a vice president of Centennial Bank; Ashley Moran, in her

capacity as a clerk for Centennial Bank; and Centennial Bank (the Bank). Appellants argue

that the circuit court erred in finding that the statute of limitations had run and that there

were no genuine issues of material fact to be decided by a jury. We affirm.

I. *Procedural History*

Appellants originally filed suit on August 11, 2015, in the United States District Court, Eastern District of Arkansas, against, among others, appellees and Larry Peters, individually and in his capacity as the executive director of the Arkansas Professional Bail Bondsman Licensing Board (the Board). *Viele v. Peters*, 4:15CV00503 BSM, 2016 WL 3884032 (E.D. Ark. July 12, (2016). On July 12, 2016, the suit's federal claims were dismissed without prejudice, and the state claims were dismissed with prejudice.

On May 5, 2017, appellants filed a complaint against appellees and Peters in the Pulaski County Circuit Court, alleging conspiracy, conversion, and negligence (also referred to by appellants as breach of fiduciary duty and breach of contract).[1] In an amended

---

[1]The exhibits attached to the complaint include (1) "Change in Terms Agreement," identifying BBB, David Viele, and Helen Viele as borrowers and the Bank as the lender and describing that on September 26, 2011, the borrowers renewed a promissory note originated on October 24, 2007, and the collateral for the note is a $100,000 certificate of deposit (CD) held in the Bank in the name of the Helen E. Viele Irrevocable Trust; (2) "Trust Certificate" for the Helen E. Viele Irrevocable Trust in the principal amount of $100,000 and naming BBB, David Viele, and Helen Viele as borrowers; (3) "Corporate Resolution to Borrow/Grant Collateral" for the benefit of BBB; (4) "Notice of Final Agreement," describing the loan as a "Nondisclosable Draw Down Line of Credit Loan" to David Viele, Helen Viele, and BBB in the amount of $100,000; (5) "Disbursement Request and Authorization," having a stated purpose to renew the $100,000 letter of credit; (6) "Assignment of Deposit Account," granting the Bank a security interest in the $100,000 CD; (7) February 3, 2014 letter signed by Peters as executive director of the Board requesting the withdrawal of the $100,000 letter of credit, which was assigned to the Board to qualify BBB for a bail-bonds license pursuant to Arkansas Code Annotated section 17–19–208(b)(1) (Repl. 2018); and (8) copy of the $100,000 CD.

complaint filed May 25, 2018, appellants asserted that Peters had been dismissed from the case.[2] The amended complaint alleged:

11. On February 3, 2014, Larry Peters appeared at [the Bank], stating that he had a "court order" demanding the Bank surrender [appellants'] entire line of credit to him, or $100,000.00. Peters did not have a court order of any kind authorizing or even hinting at the authorization for the Bank to surrender [appellants'] money to him.

12. No civil action was ever actually filed, served, or pursued, and [appellants] were never afforded the due process rights to which they would have been entitled in an appropriately pled and founded civil action. Peters did not have a judgment when he appeared at [the Bank] and walked out with a $100,000.00 cashier's check on BBB letter of credit.

13. [Appellees] willingly obliged, handing over $100,000.00 of [appellants'] monies to Peters, without any lawful authority, and in breach of the contract between the Vieles and [the Bank].

14. [The Bank] subsequently converted the $100,000.00 [CD] that was maintained at [the Bank] in the Helen E. Viele Irrevocable Trust to account for the funds it surrendered to defendant Peters. [The Bank] did so in breach of the contract by paying the $100,000.00 from the [CD] to reimburse itself for the $100,000.00 paid to L.E. Peters. The transfer was without notification to [appellants] and before the time specified in the contract. [The Bank] was not authorized to summarily utilize the [CD] to pay the letter of credit. The actions of [appellees] constituted a substantial breach of the agreement between the parties as it relates to the [CD].

On August 30, 2019, appellees moved for summary judgment, and in their brief, appellees argued that appellants' complaint was initiated after the expiration of the statute of limitations.[3] They claimed that pursuant to Arkansas Code Annotated section 4-5-115

---

[2] The circuit court granted summary judgment to Peters, individually, on November 3, 2017, and that order is not a subject of this appeal.

[3] Appellees attached the following exhibits to their brief: (1) "Promissory Note" reflecting that on October 24, 2007, BBB, David Viele, and Helen Viele borrowed $100,000 from the Bank; (2) "Clean Irrevocable Letter of Credit" issued by the Bank to the

(Repl. 2020), the statute of limitations for any action under a letter of credit is one year. Appellees argued that the alleged date of harm was February 3, 2014, the date on which the check was issued to the Board; thus, appellees asserted that appellants had until February 3, 2015, to file their complaint, and appellants' complaint filed on May 5, 2017, was outside the limitations period. Further, they asserted that there is a three-year statute of limitations for claims of conspiracy, negligence, and conversion. *See* Ark. Code Ann. § 16–56–105 (Repl. 2005). Accordingly, they argued that February 3, 2017, is the applicable deadline for filing a complaint under these claims and that the May 5 complaint was filed too late.

Appellants responded to appellees' motion, claiming that the Arkansas savings statute, Ark. Code Ann. § 16–56–126 (Repl. 2005), makes their complaint timely because it was filed on May 5, 2017, which is within one year of the federal court's dismissal without prejudice on July 12, 2016. Appellants abandoned their claims for conversion and conspiracy but argued that their negligence claim should survive summary judgment because material facts were in dispute.

Appellants argued that their negligence claim is not entirely centered on the letter of credit but also includes the CD, the "Change in Terms Agreement," the promissory note, and the actions of the appellees. They claimed that on the basis of these documents and the deposition testimony of appellee Williams, there were genuine issues of material fact to be

---

Board in the amount of $100,000 as a security deposit for BBB in accordance with Arkansas law; and (3) "Assignment of Deposit Account," which secured the appellants' and Bank's promissory note with the $100,000 CD.

4

determined relating to their negligence, breach–of–fiduciary–duty, and breach–of–contract claims.

Appellees replied that regardless of the savings statute, appellants filed their complaint in federal district court on August 11, 2015, which is outside the one-year statute of limitations for claims based on letters of credit. *See* Ark. Code Ann. § 4-5-115. On November 18, 2019, the circuit court granted summary judgment with no specified findings dismissing appellants' case with prejudice. Appellants filed a timely notice of appeal, and this appeal followed.

II. *Applicable Law*

Our standard of review is well settled:

> A motion for summary judgment should be granted when, in light of the pleadings and other documents before the circuit court, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c) (2017). When reviewing whether a motion for summary judgment should have been granted, this court determines whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007). Summary judgment is proper, however, when the statute of limitations bars an action. *Alexander v. Twin City Bank*, 322 Ark. 478, 910 S.W.2d 196 (1995); *IC Corp. v. Hoover Treated Wood Prods., Inc.*, 2011 Ark. App. 589, 385 S.W.3d 880; *Tony Smith Trucking v. Woods & Woods, Ltd.*, 75 Ark. App. 134, 55 S.W.3d 327 (2001).

*Hill v. Hartness*, 2017 Ark. App. 664, at 4, 536 S.W.3d 649, 651.

Arkansas Code Annotated sections 4-5-101 to -120 contain Arkansas's Uniform Commercial Code—Letters of Credit. The statute of limitations is provided in section 4-5-115 as follows:

5

An action to enforce a right or obligation arising under this chapter must be commenced within one (1) year after the expiration date of the relevant letter of credit or one (1) year after the cause of action accrues, whichever occurs later. A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.

The U.C.C official comment supplies the following insight:

2.      This section applies to all claims for which there are remedies under Section 5-111 and to other claims made under this article, such as claims for breach of warranty under Section 5-110. Because it covers all claims under Section 5-111, the statute of limitations applies not only to wrongful dishonor claims against the issuer but also to claims between the issuer and the applicant arising from the reimbursement agreement. These might be for reimbursement (issuer v. applicant) or for breach of the reimbursement contract by wrongful honor (applicant v. issuer).

U.C.C. § 5-115, Official Comment 2 (1995). Arkansas Code Annotated section 4-5-111 provides for remedies when a letter of credit is dishonored or breached.

## III. *Statute of Limitations*

Appellants argue that Arkansas Code Annotated section 4-5-115 has no application because they did not file a claim for a breach of a letter of credit. They contend that their claims are for negligence (breach of a fiduciary duty) and breach of contract. They agree that negligence has a three-year statute of limitations and that a breach-of-a-written-contract claim has a five-year statute of limitations. *See* Ark. Code Ann. §§ 16-56-105, -111. Appellants argue that appellees disregard the Arkansas savings statute, Ark. Code Ann. § 16-56-126(a)(1), which provides:

If any action is commenced within the time respectively prescribed in this act, in §§ 16-116-101–16-116-107, in §§ 16-114-201–16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

6

Appellants contend that they originally commenced this action for negligence in federal court on August 11, 2015, which is within three years of February 3, 2014. When their state claims were dismissed without prejudice on July 12, 2016, they refiled their claims within one year on May 5, 2017. They also contend that their breach-of-contract claim was filed within five years of February 3, 2014. Thus, they argue that their claims are timely and that the circuit court erred by granting summary judgment as it relates to the statute-of-limitations issues.

We disagree and hold that the circuit court was correct in granting summary judgment pursuant to the applicable statute of limitations. Regardless of how appellants couch their claims, their alleged causes of action result from their belief that appellees erred by recognizing the terms of appellants' letter of credit and that appellees were wrong to have tendered the $100,000 that was represented on the face of the letter of credit to the Board. Appellants' complaint is wholly predicated on the argument that appellees "wrongfully . . . honor[ed] a draft or demand" under a letter of credit. Ark. Code Ann. § 4-5-111(b). The remedy for a letter of credit is subject to the statute of limitations of "one (1) year after the cause of action accrues." Ark. Code Ann. § 4-5-115. Appellants have alleged that their injury occurred when the Board presented the letter of credit to appellees and the Board was tendered the $100,000 cashier's check on February 3, 2014. Thus, appellants' first filing of August 11, 2015, was far past the one-year statute of limitations. Because this court lost jurisdiction to hear this matter on February 4, 2015, the savings statute does not save their claim, and appellants never filed a claim within the prescribed period pertaining to a letter of credit.

Because appellants' complaint is barred by the statute of limitations, summary judgment was properly granted, and it is unnecessary to address appellants' arguments that genuine issues of material fact remain.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Charles D. Hancock*, for appellants.

*McGue Law Firm*, by: *Clinton D. McGue*, for appellees.